# The People of the State of Illinois, Appellee, v. Milwaukee Dairy Company, Appellant.

## Gen. No. 31,456.

1. DEBT—*action to recover fine as civil proceeding.* An action of debt for recovery of the fine, provided by Cahill's St. ch. 56b, ¶ 44, for misbranding food, must be deemed a civil action to which the rules of criminal procedure do not apply.

2. DEBT—*statement of claim in action to recover fine.* A statement of claim in action of debt for recovery of a fine for misbranding a food product as provided by Cahill's St. ch. 56b, ¶ 44, properly comes under the rules of the fourth-class cases of the municipal court of Chicago, Cahill's St. ch. 37, ¶ 390, and if it shows the nature of the demand it is proper though inartificially drawn.

3. APPEAL AND ERROR—*necessity for preserving rules of municipal court in record.* If the rules of the municipal court of Chicago are not preserved in the record, the Appellate Court cannot determine whether the procedure on trial was in conformity with the rules thereof or not.

4. APPEAL AND ERROR—*when hearing in trial court not presumed.* If a bill of exceptions indicates that no hearing was had to assess the fine for misbranding food provided by Cahill's St. ch. 56b, ¶ 44, in an action of debt upon default of defendant to plead as required, the Appellate Court cannot presume that the trial court did its duty to conduct a hearing.

5. DEBT—*necessity for hearing to fix amount of fine.* Defendant's default in a proceeding under Cahill's St. ch. 56b, ¶ 44, to recover a fine for misbranding food does not permit the court to fix the amount of the fine without hearing.

6. DEBT—*when affidavit of merits not excused in action for fine.* Cahill's St. ch. 56b, ¶ 44, provides two methods, in the alternative, for punishing misbranding of food, and in the civil action in debt for the fine, which excludes thereby the criminal action, the defendant cannot excuse failure to file an affidavit of merits on the ground he would incriminate himself.

Appeal by defendant from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed May 17, 1927.

GALLAGHER, SHULMAN, ABRAMS & HENRY, for appellant.

ROBERT E. CROWE, State's Attorney, for appellee; EDWARD H. TAYLOR, Assistant State's Attorney, and ARTHUR L. ISRAEL, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Appeals from three different judgments against appellant in favor of the People for violation of section 9 of the Illinois Food Law, Cahill's St. ch. 56b, ¶ 9, have been consolidated for hearing, the records in each being practically the same and presenting the same questions for consideration. The judgments were taken by default on failure of defendant to file an affidavit of merits after it had been ruled and had refused to do so.

The statement of claim is as follows:

"Plaintiff's claim is that the defendant in the City of Chicago, County of Cook, and the State of Illinois, on to-wit, the 5th day of February, 1926, did sell to one, James Marcenhkus, 314 Kensington Avenue, Chicago, a bottle of butter cream which was misbranded under Sec. 9, of the Illinois Food Law, in that it was not labeled with the address of the dealer and also bore the name and address of other than the actual packer or dealer. Further, said corporation which was other than the rightful owner thereof did use a container marked with the name and address of another corporation which was the rightful owner, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of the People of the State of Illinois.

"Further, said defendant has been previously fined for other violations of the same laws, contrary to the form of the Statute in such case made and provided, and against the Peace and Dignity of the People of the State of Illinois.

"Whereby and by force of which, an action has accrued to the plaintiff to demand of the defendant the sum of Two Hundred Dollars.

"Robert E. Crowe,

"State's Attorney."

The affidavit of plaintiff's claim was sworn to by an agent saying "that the nature of the plaintiff's demand is as follows: An action in debt for the recovery of a penalty for violation of the Illinois Dairy Products Law, and the Illinois Dairy and Food Law."

The act alleged to be violated (Cahill's St. 1925, ch. 56b, ¶ 44) provides that:

"Any person convicted of violating any of the provisions of the foregoing Act shall, for the first offense, be punished by a fine in a sum not less than fifteen (15) dollars, and not more than one hundred (100) dollars, or by imprisonment in the county jail not exceeding thirty days, or by both such fine and imprisonment, in the discretion of the court, and for the second and each subsequent offense by a fine of not less than twenty-five (25) dollars and not more than two hundred (200) dollars, or by imprisonment in the county jail not exceeding one year, or both, in the discretion of the court; or the fine above may be sued for and recovered before any justice of the peace or any other court of competent jurisdiction in the county where the offense shall have been committed, at the instance of the State Food Commissioner or any other person in the name of the People of the State of Illinois as plaintiff and shall be recovered in an action of debt."

It was said in *People v. Gartenstein*, 248 Ill. 546, that: "Where an offense is created by statute and a penalty is fixed for its commission, which is to be recovered by an action of debt and not by prosecution, the action is civil and the rules of criminal pleading and procedure do not apply to it." The suit here, as in that case, was neither criminal in form nor sub-

stance and as the act in question expressly provides for recovery of the fine by an action of debt, it must be deemed a civil action, and not a quasi-criminal action as contended by appellant.

It is urged that the statement of claim does not state a cause of action. The case apparently comes within the classification of fourth-class cases provided for in the Municipal Court Act. (Cahill's St. ch. 37, ¶ 390, subd. 4.) In such cases it is generally sufficient to state the nature of the demand. (Cahill's St. ch. 37, ¶ 428.) While in some respects the statement of claim is inartificially drawn, defendant could hardly have failed to understand the nature of the demand against it.

Whether the procedure was in conformity with the rules of that court we cannot know in the absence of its rules, they not being preserved in the record. Assuming, however, that the court might under its rules require an affidavit of merits or defense by the defendant after its appearance in the case, still the question arises whether or not on default of defendant to comply with such a rule the court could enter judgment for a specific amount in an action of debt without a hearing to assess damages. The bill of exceptions in this case indicates that no hearing was had, that no proof was introduced on which to base an assessment, otherwise we might presume regularity of procedure and that the court performed its duty and heard evidence. On default in an ordinary action of debt an inquiry or hearing of evidence is requisite to the assessment of damages. The default of the defendant did not admit the amount of plaintiff's damages as claimed in the statement of claim. (*Chicago & I. R. Co. v. Ward,* 16 Ill. 522–532; section 1117, Puterbaugh Common Law Pl. and Pr. (10th Ed.); *Hockings v. Westmoreland,* 205 Ill. App. 196.) Under section 59 of the Practice Act, Cahill's St. ch. 110, ¶ 59, proof is required to be made in assessing damages notwithstanding the default. (*Manaster v. Kioebge,* 257 Ill. 431–434; *Povlich*

*v. Glodich*, 311 Ill. 149–151.)    Under the statute in question the court had discretion to fix the fine anywhere from $25 to $200, inclusive.    It seems to have undertaken to exercise that discretion without any proof.    It could not reasonably do so.

The point is made that as defendant might be prosecuted under the act he could not be required to file an affidavit of merits by which he might incriminate himself.    We do not think the point is well taken.    We apprehend the act does not contemplate both a prosecution and an action in debt for the same offense, but that they are alternative remedies.

*Reversed and remanded.*

GRIDLEY, P. J., and FITCH, J., concur.