## The People of the State of Illinois, Appellee, v. Consumers Sanitary Coffee & Butter Stores, Appellant.

### Gen. No. 31,760.

1. FOOD—*limitation of action to recover statutory penalty.* Under the provision of the Dairy and Food Law, Cahill's 1925 St. ch. 56b, ¶ 43, that no action "shall be instituted against any person for a violation of the provisions of this act, unless the same shall have been commenced within six months from the taking of said sample, or unless begun by and with the advice and consent of the State's Attorney of the proper county, first had and obtained * * *," a suit which is not commenced within the six months' limitation is barred although it was commenced by the State's Attorney.

2. FOOD—*private prosecution for violation of the Dairy and Food Law.* There is no authority for a private prosecution of a violation of the Dairy and Food Law, Cahill's St. ch. 56b, since section 53 makes it the duty of a State's Attorney to commence and prosecute all violations of the act.

3. STATUTES—*rules for construction of Dairy and Food Law.* The court is not permitted by construction either to add to or detract from the words of the Dairy and Food Law, Cahill's St. ch. 56b, and must give to the words of the statute their plain meaning and import.

Appeal by defendant from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Reversed. Opinion filed December 21, 1927. Rehearing denied January 6, 1928.

LOUIS J. BEHAN and WILLIAM J. CORRIGAN, for appellant.

ROBERT E. CROWE, State's Attorney, for appellee; EDWARD H. TAYLOR, Assistant State's Attorney and ARTHUR L. ISRAEL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This action is brought in debt under section 9, chapter 56b, title "Food," Cahill's St. ch. 56b, ¶ 9. The claim was filed in the municipal court on November 22,

1926, and alleges "that defendant on March 24, 1926, in Chicago, Cook County, Illinois, offered for sale and sold at one of their branch stores, a certain package of sugar, the same being an article of food in package form, which was misbranded under Section 9 of the Illinois Dairy and Food Law, in that it was not labeled with the name of the article and the name and address of the manufacturer, packer or dealer; that inasmuch as more than six months has elapsed from the date of said sale, the advice and consent of the State's Attorney of Cook County has been first had and obtained before commencing this action; that the action is commenced under and within the control of the State's Attorney of Cook County; that said defendant was previously fined for a similar violation of the same section of the law on September 24, 1926, in case No. 1192649 in the Municipal Court of Chicago."

A motion was made by defendant to quash the summons on the ground that the offense charged was committed on March 24, 1926, and the suit was not commenced until November 22, 1926, and that under the provision of the law under which the action was commenced the prosecution must be commenced within six months from the date of the taking of the sample, whereas upon the face of the pleadings filed it appears that the action was not commenced until nearly eight months after the taking of the sample, which motion was overruled by the court.

On a trial before the court there was a judgment against defendant in the sum of $25, and costs of suit, from which defendant prosecutes this appeal.

Section 40a of the Illinois Dairy and Food Law (chapter 56b, Cahill's 1925 Statutes, paragraph 43) is as follows:

"No action or prosecution shall be instituted against any person for a violation of the provisions of this act, unless the same shall have been commenced within six months from the taking of said sample, or unless

begun by and with the advice and consent of the State's Attorney of the proper county, first had and obtained * * *."

Paragraph 53, Cahill's St. ch. 56b, of the same Act reads:

"The State's attorneys of this State are charged with the enforcement of this Act, and it is hereby made their duty to appear for the People and to attend to the prosecution of all complaints under this Act in their respective counties, in all courts."

We think, and so hold, that the true construction of said section 40a requires that the action must be brought within six months from the selling of the sample, and that the prosecution must be commenced with the advice and consent of the State's Attorney of the county. It is not denied that the action was not commenced within the six months' limitation, but was commenced within two days of eight months of the selling of the sample, and that it was commenced with the consent of the State's Attorney.

Paragraph 53 of the Food Act, above quoted, makes it the duty of the State's Attorneys to commence and prosecute all violations of the food law in their several counties in all courts. There is nowhere in the statute any indication of authority for a private prosecution.

We are not permitted by construction to either add to or detract from the words of the statute. We give to the words used in the statute in construction their plain meaning and import.

The State argues that the suit is not barred by the six months' statutory limitation because the action "was begun by and with the consent of the State's Attorney of the proper county." We find no alternative in the statute or any reference to any other source of prosecution other than the State's Attorneys. The state cites *People v. Milwaukee Dairy Co.*, 244 Ill. App.

341, as sustaining its contention. We find nothing in that case to support the point argued.

The municipal court erred in not allowing the motion of defendant to quash the summons, and for that error its judgment is reversed.

*Reversed.*

TAYLOR, P. J., and WILSON, J., concur.