## Everett G. Eberhart, Defendant in Error, v. James Foster, Plaintiff in Error.

### Gen. No. 15,839.

1. MUNICIPAL COURT—*what cures defect in statement of claim.* A defective affidavit to a statement of claim is cured by the action of the defendant in asking time within which to file an affidavit of merits.

2. MUNICIPAL COURT—*when objection to statement of claim comes too late.* An objection to a statement of claim comes too late if first made on appeal.

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 25, 1911. Rehearing denied November 1, 1911.

LOUIS GREENBERG, for plaintiff in error.

BYRON W. WIGHT, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This writ of error questions the propriety of a

judgment against plaintiff in error for $459.50, as damages, entered in the Municipal Court in an action upon an appeal bond in the sum of $600. After service of summons, the entry of appearance of plaintiff in error was filed in writing, and a demand was therein made for a trial by jury. The statement of claim of defendant in error purported to be verified by his affidavit sworn to before C. H. Looing, a notary public in and for the county of St. Joseph, State of Indiana. Plaintiff in error, upon his motion, was allowed ten days in which to file an affidavit of merits of his defense, and was thereafter defaulted for his failure to file such affidavit. Thereupon the court proceeded to hear the evidence without a jury and assessed the damages and entered judgment against plaintiff in error, as heretofore stated.

It is insisted that, as the notary public, before whom the affidavit attached to the statement of claim purports to have been made, failed to certify he was authorized to administer oaths under the laws of the State of Indiana, the court below was powerless to compel plaintiff in error to file an affidavit of merits and to enter a default against him for his failure to file such affidavit.

Plaintiff in error, as the record discloses, was, on July 27, 1909, upon his own motion given leave to file an affidavit of merits within ten days, and we think must thereby be held to have impliedly conceded the sufficiency of the affidavit filed by defendant in error with his statement of claim. However this may be, plaintiff in error, having interposed no objection in the court below to the sufficiency of the affidavit, cannot raise the question for the first time in this court. Prout v. Lomer, 79 Ill. 331; Archer v. Claflin, 31 Ill. 306; Commercial Nat. Bank v. Payne, 161 Ill. 316.

Plaintiff in error having filed his entry of appearance wherein he demanded a jury trial, the case was placed upon the jury calendar, and in any proceedings thereafter to be had involving a hearing upon the

merits, or the assessment of damages merely, he was entitled to a jury.

The proper procedure in a case like the one at bar was had in Koch v. Dickinson, 152 Ill. App. 413.

For the error in not requiring the damages to be assessed by a jury the judgment is reversed and the cause remanded.

*Reversed and remanded.*