**Le Roy Westmoreland, Appellee, v. Lloyd M. West and Louise West, Appellants.**

**Gen. No. 47,338.**

First District, First Division.
September 29, 1958.
Released for publication October 23, 1958.

Moe M. Forman, of Chicago (Herman Jacobs, of counsel) for appellants.

Alexander J. Ross, Sam Frank Adler, of Chicago (Alexander J. Ross, of counsel) for appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order striking defendants' petition and supplemental petition to vacate a judgment which had been entered on an ex parte hearing November 30, 1956.

The complaint was filed January 17, 1952. An answer was filed January 30, 1952, denying the allegations of the complaint. It was almost five years before the case was assigned for trial—November 30, 1956. On that same day, defendants failing to appear, jury was waived and the court found for plaintiff, assessing damages for $10,000. Judgment was entered thereon with the provision that execution issue immediately.

The return of the Sheriff of Cook county shows that execution was served on defendant Lloyd M. West, personally, January 17, 1957, and on Louise West, personally, January 24, 1957. Defendants, however, deny being served and further say that they had no knowledge of the entry of the judgment until they received notice of the supplemental proceedings. ·

■■ A default judgment is subject to careful scrutiny on appeal because it is a judgment based solely on techniques of procedure. Sunga v. Lee, 13 Ill.App.2d 76 (1957); Lichter v. Scher, 11 Ill.App.2d 441 (1956). Defendants have raised a number of technical points as grounds for reversal. One point has merit. They

162

argue that under the statute they were entitled to be advised of the waiver of jury by the plaintiff before the court could proceed to trial without a jury. Section 64 of the Civil Practice Act, as amended in 1955, provides in part as follows:

"If the plaintiff files a jury demand and thereafter waives a jury, the defendant shall be granted a jury trial upon demand therefor made promptly after being *advised* of the waiver. . . ." (Emphasis supplied.)

In proceeding to trial after plaintiff had waived a jury without defendants being advised of the waiver, defendants' right to demand a jury under the statute was violated. Their failure to appear did not constitute a waiver of this right. In North American Provision Co. v. Kinman, 288 Ill. App. 414 (1937) the court said, p. 417:

"The absence of a party litigant from the trial does not waive his right and a denial thereof is reversible error."

Issues had been joined which only a jury was competent to decide, unless the jury was expressly waived. Industrial Loan Co. v. Kezirian, 259 Ill. App. 47 (1930); Tongeln v. Knoll, 227 Ill. App. 317 (1923).

In Anzalone v. Johnson, 345 Ill. App. 410 (1955) this court held that the judgment should not be set aside because the trial court proceeded to trial without a jury when there had been a prior demand by the plaintiff. But in that case the defendant had not filed an answer to the complaint so that, as stated in the opinion, "[t]here was no issue of fact to be tried by a jury." In Harris v. Juenger, 289 Ill. App. 467 (1937) the defendant had answered the complaint but shortly before the case came to trial his counsel withdrew and the defendant did not appear on the date set for trial.

At that time Section 64 of the Civil Practice Act read as follows:

"If the plaintiff files a jury demand and thereafter waives such demand, the defendant shall be granted a jury trial upon motion made at the time of such waiver. . . ."

The court construed the section strictly and held that the defendant was not entitled to a jury trial because he had failed to comply *with the statutory requirement that he make the motion at the time the plaintiff waived his demand for a jury.* Under the amended act, as we have said, it is required that a defendant be *advised* of the waiver of demand for jury by plaintiff and make his demand promptly thereafter. It would appear that this amendment was intended to provide against the result reached in Harris v. Juenger.

We hold that failure of defendants in the instant case to appear at the trial did not waive their right to a jury trial unless they had been advised of the waiver thereof as the statute requires.

The judgment is reversed and the cause is remanded with directions to deny plaintiff's motion to strike defendants' petition and supplemental petition, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and ROBSON, J., concur.