William E. Skivington and Bertha Skivington, Plaintiffs-Appellees, v. Betty Lehman, Individually, Doing Business as Lehman Trailer Sales, and as Administrator of the Estate of Phillip Paul Lehman, Deceased, Defendant and Third Party, Plaintiff-Appellant; Colonial Coach Manufacturing Corporation, a Corporation, Third Party Defendant.

Gen. No. 48,365.

First District, First Division.

August 6, 1962.

Reiff, Reiff & Pochis, David Reiff, and Frank M. Opeka, of Chicago, for appellant.

Archie L. Berman and William S. Kleinman, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant filed a petition, under Section 72 of the Civil Practice Act, seeking to vacate an order which had been entered ex parte, (1) rendering judgment against her for $6,851.40 on plaintiffs' complaint, and

(2) dismissing defendant's third party complaint for want of prosecution. Plaintiffs and the third party defendant moved to strike defendant's petition. From an order allowing their motions and striking the petition, this appeal has been taken.

Plaintiffs filed their complaint and jury demand on December 3, 1954. They claimed that they had contracted to buy a new house trailer from defendant; that the trailer delivered was used and in disrepair; and that they thereby sustained damages. Defendant appeared and filed answer. She also filed a third party complaint against the manufacturer of the trailer in question, who, in turn, filed a motion to dismiss.

On December 27, 1956, the attorneys then representing defendant were permitted by the court to withdraw their appearance. Subsequently, another attorney, without filing a formal appearance, filed for defendant a counter-affidavit to the third party defendant's motion to dismiss, and, after judgment, filed the instant Section 72 petition. The record shows that this attorney was limited in his practice by a serious illness which later caused his death.

The motion to dismiss the third party complaint was still pending on May 25, 1960, when the cause was reached on the regular trial call. Defendant was not present at the call. Plaintiffs waived their jury demand, the cause was heard ex parte, judgment was entered, and the third party complaint was dismissed for want of prosecution. Defendant was given no notice of plaintiffs' waiver of jury.

Execution was served on defendant on July 27, 1960. On August 15, 1960, defendant filed her petition under Section 72, which was stricken by the order from which this appeal has been taken.

The essential matters in controversy are the application of Section 64(1) of the Practice Act and the sufficiency of the petition to vacate under Section 72.

481

■ Petitions under Section 72 have received much attention from reviewing courts in recent years, and there has been clearly demonstrated a judicial willingness to apply equitable considerations in determining appropriate relief. (Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350 (1952) and subsequent cases.) Nevertheless, it remains necessary for the petitioner not only to present facts which if known to the trial court would have prevented the rendition of the judgment, but, also, to demonstrate diligence in the protection of his interests. (Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294 (1960).)

Defendant relies upon two points in support of her petition. The first is plaintiffs' failure to notify her of their jury waiver. The second is the alleged failure of the trial court to consider certain credits and setoffs in its determination of the amount of the judgment. In the view we take of the case, it will not be necessary to consider the second point.

Section 64(1) of the Practice Act provides in part:

> "If the plaintiff files a jury demand and thereafter waives a jury, the defendant shall be granted a jury trial upon demand therefor made promptly *after being advised of the waiver* and upon payment of the proper fees, if any, to the clerk." (Emphasis added.)

Defendant contends that this statute, properly construed, required plaintiffs to give her notice of the jury waiver, and that the failure to do so was a mistake of fact which if known by the court would have prevented rendition of the judgment.

Plaintiffs argue that no notice need be given to a seemingly disinterested defendant who does not appear when the case is called for trial; that failure to give notice is excused by the fact that the statute defines neither the type of notice to be given nor the manner

of giving it; and that, should the statute be construed as requiring notice, it would be unconstitutional.

■ Plaintiffs' first contention must fall, on the authority of Westmoreland v. West, 19 Ill App2d 161, 153 NE2d 275 (1958). Issue having been joined by the filing of an answer after jury demand by a plaintiff, the language of Section 64(1) gives a defendant the opportunity to demand a jury upon waiver by plaintiff, and thus provides, in effect, that a plaintiff cannot, under those circumstances, effectively waive a jury trial without notice to the defendant.

■ In the case at bar, plaintiffs' failure to give notice was a fact which would have prevented entry of the judgment had it been brought to the attention of the court and, therefore, is a proper basis for a Section 72 petition.

Plaintiffs rely upon Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66 (1956), Palmer v. Harris, 98 Ill 507 (1881), and Section 71 of the Practice Act, all of which are factually distinguishable since they apply to defendants in default. Defendant here had filed her appearance and answer and was not in default, a significant matter in the application of Section 64(1).

■ Plaintiffs' second contention, that the failure to give notice is excused by reason of the fact that the statute defines neither the type of notice to be given nor the manner of giving it, is also without merit. If in doubt, plaintiffs need only have looked for guidance to common practice or the rules of court, leaving it then to the court to determine if the notice given had been reasonable under the circumstances.

■ As mentioned above, plaintiffs also argue contingently that if the statute be construed as requiring notice upon jury waiver, then it is unconstitutional. This is a point which we do not have jurisdiction to determine. Furthermore, the record discloses that the constitutional question was neither raised nor decided

483

in the trial court. (Hackner v. Van Wyck, 381 Ill 622, 624, 46 NE2d 64 (1943).)

 As to compliance with Section 72 and the question of defendant's diligence, we find that it was adequate. Since we have determined that defendant was entitled to notice of the jury waiver, the test is not, as argued by plaintiffs, whether defendant was negligent in following her case through the court or in failing to secure new counsel of record after the withdrawal of her first attorneys, but, rather, whether she was diligent in presenting her petition under Section 72. It is uncontradicted that defendant's first knowledge of the ex parte judgment of May 25, 1960 came with the service of execution on July 27, 1960. Within two weeks thereafter she served notice, and presented her petition to the court on August 15, 1960. This action was indeed prompt, and fully meets the diligence requirement of Section 72.

For the reasons stated, the order appealed from is reversed in its entirety and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BURMAN, P. J. and MURPHY, J., concur.