Nick Selvaggio, Administrator of the Estate of Nick A. Selvaggio, Plaintiff-Appellee, v. Kickert School Bus Line, Inc., and Betty Jane Holman, Defendants-Appellants.

Gen. No. 49,064.

First District, Third Division.

February 27, 1964.

Albert M. Howard, of Chicago (Norton Wasserman and Charles D. Snewind, of counsel), for appellants.

Gabriel J. Aprati, of Chicago Heights, and Louis P. Miller, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

The defendants in this case filed an amended petition under section 72 of the Civil Practice Act praying that the order striking defendants' answer and the judgment entered by default against them be vacated and set aside.

This was an action commenced on April 18, 1961 in the City Court of Chicago Heights to recover damages for wrongful death of plaintiff's intestate. After the defendants had appeared and answered, their answer was stricken by order of the trial court. The case was then tried as a default matter by the court without a jury and a judgment was entered in favor of the plaintiff for $30,000 on January 13, 1962.

On March 3, 1962, the defendants served notice, together with a copy of petition under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72), supporting affidavit with proof of service and memorandum of authorities, upon the attorney for the plaintiff, and filed the said papers in the office of the clerk of said court. On April 5, 1962 the defendants filed in the office of the clerk of said court a verified amended petition under section 72 of the Civil Practice Act, and supporting affidavit with proof of service, leave of court having been granted on March 15, 1962, to defendants to file the same. The amended petition prayed that the orders heretofore entered striking the

defendants' pleadings, setting the cause for prove up and entering an ex parte judgment in favor of the plaintiff, be set aside, vacated and held for naught.

The material allegations of the amended petition are as follows:

The plaintiff filed a demand for trial by jury with his complaint on April 18, 1961. Thereafter the defendants entered their appearances with Voigt, Nordstrand and Rago and R. J. Heilgeist as their attorneys; that an answer was filed to the complaint categorically denying each and every allegation of negligence and liability on the part of the defendants.

That the case was set for pretrial in the City Court of Chicago Heights on December 8, 1961; that on December 8, 1961 Robert J. Heilgeist, one of the attorneys of record, while driving to Chicago Heights to attend said pretrial, realized that he would be late and made a telephone call shortly after 10:00 a. m. to the clerk of said court to request that the pretrial be held until he arrived; that the telephone call was answered by a woman who advised Heilgeist that it would be unnecessary for him to attend as the case had been removed from the pretrial calendar to be placed on the trial calendar; that Heilgeist returned to his office; that without notice to the defendants, and notwithstanding the representation of the clerk, an order was entered on December 8, 1961 striking defendants' answer, prohibiting defendants from filing any further pleadings, and setting the case for January 11, 1962 at 10:00 a. m. for prove up. That there was filed of record in the office of the clerk of the City Court of Chicago Heights a certain notice addressed to Voigt, Nordstrand and Rago and R. J. Heilgeist, attorneys for defendants, advising them that on December 14, 1961, at 9:30 a. m. the plaintiff would appear before Judge McGehee and present a motion to strike; that the motion to strike requested

the entry of an order striking defendants' pleadings and to set the cause for prove up of plaintiff's damages, to be heard as a default matter.

The amended petition further states that the notice of said motion was not received by the defendants or their attorneys, and notice of the default or order striking defendants' answer and setting the cause for default and prove up, was not received by the defendants or their attorneys, or anyone on their behalf, and that neither the defendants nor their attorneys had any notice of the entry of said order of December 8, 1961, or had any knowledge of any default or that judgment had been entered until March 1, 1962; that it appears of record that on January 11, 1962 there was a prove up by default against the defendants and that on January 13, 1962 judgment was entered by default in favor of the plaintiff in the sum of $30,000; that the judgment order recited that the plaintiff, by his attorney, waived trial by jury; that said waiver was without notice to the defendants or their attorneys, and that no notice was given by the clerk of the court of the entry of the default judgment, in accordance with section 50.1 of the Illinois Civil Practice Act; that no execution had been ordered or issued against the defendants; that the entry of the judgment of January 13, 1962 was first discovered by a representative of the office of Albert M. Howard, attorney, who was appearing in said court on pretrial on another case, and who had checked the records of the clerk of the court in the instant case. That as a meritorious defense, the amended petition stated that the petitioners believed that they had a good and meritorious defense to the whole of the plaintiff's case, in that it appears from the investigation made on behalf of the defendants that the defendants were not guilty of the negligence alleged in plaintiff's complaint, or any negligence whatever; that the plaintiff's

intestate was guilty of contributory negligence, and that the judgment of $30,000 is grossly excessive.

The affidavit of Robert J. Heilgeist in support of the amended petition to vacate the default judgment was filed with the amended petition. His affidavit is substantially the same as the matters set forth in the amended petition with the following additions: That in the regular and ordinary course of business all notices received by attorneys of record for defendants in the instant case prior to March 1, 1962 were directed to him and upon receipt of any notices he would have caused such to be noted in his diary and in the case file kept by him; that from the time of his telephone conversation with the office of the clerk of the court until the present time (4th day of April, A.D. 1962) he had not received any notices from either the court or from plaintiff's counsel other than a notice setting the case for pretrial conference; that no notice was received by him or the attorneys of record for the defendants of a motion or order or any proceeding to strike defendants' pleadings, or the entry of a default judgment, or to set the case for prove up, or that the plaintiff intended to waive trial by jury; that he believes that the defendants have a good and meritorious defense to the whole of the plaintiff's case, and he positively stated that the defendants were not guilty of any actionable negligence, and that the plaintiff's intestate was guilty of contributory negligence.

The plaintiff filed an answer to the amended petition wherein he admitted many of the allegations and denied others. In some instances he stated that he did not have sufficient information to answer the allegations and denied that the defendants were without notice of the motion to strike. Plaintiff did not answer the allegations in paragraph 19 of the amended petition which alleged that neither the defendants nor their attorneys had any knowledge of the entry of the

402

judgment on January 13, 1962 until March 1, 1962. He denied the allegations concerning a good and meritorious defense alleged by the defendants.

Some question has been raised as to the date of the entry of the order striking defendants' answer and ordering that the defendants be debarred from filing any further pleadings in this matter. That order further set the matter for January 11, 1962 at 10:00 a. m. for a prove up of plaintiff's damages. The certificate of the clerk attached to the record shows the entry of that order on December 8, 1961. Also, the order on its face bears the City Court clerk's stamp showing that it was entered on December 8, 1961. Plaintiff contends that the order was entered on December 14, 1961. The significance of this contention is that the notice addressed to defendants' counsel stated that on the 14th day of December, A.D. 1961, plaintiff's attorney would appear before the court and present a motion to strike the pleadings of the defendants, and to further debar said defendants from filing any further pleadings. The affidavit attached to the notice states that a copy thereof was mailed to defendants' attorneys on the 8th day of December, 1961 at 6:00 p. m. The certificate of the clerk, likewise, shows that the notice and motion to strike were filed in the office of the clerk of the court on the 8th day of December, 1961, which is the same date, according to the record, that the order was entered striking defendants' answer and setting the case for January 11, 1962 for a prove up of plaintiff's damages.

■■ The court record imports verity and that applies to dates of entry as well as in other respects. Jones v. City of Carterville, 340 Ill App 330, 91 NE2d 604; Anderson v. Anderson, 380 Ill 435, 44 NE2d 54. In County Board of School Trustees of DuPage County v. Bendt, 30 Ill App2d 329, on page 333, 174 NE2d 404 the court said:

"It is basic in our law that it is the record in the trial court that we review. That record imports verity.

" 'When properly authenticated the record filed for the purpose of appeal imports absolute verity, and is the sole, conclusive and unimpeachable evidence of proceedings in the lower Court.' McGurn v. Brotman, 25 Ill App2d 294, 167 NE2d 12."

This court is therefore bound by the record, and from the record it appears that the order granting the plaintiff's motion was entered during the day of December 8, 1961, and the notice which was filed with the clerk showed that it was mailed at 6:00 p. m. on December 8, 1961. The defendants, from the record, could not have had knowledge of the entry of an order on December 8, 1961, since the notice to defendants' attorneys was mailed at 6:00 p. m. on December 8, 1961.

The order of the City Court of Chicago Heights, denying the amended petition to vacate the default judgment, and dismissing the amended petition, was entered on November 8, 1962. The order reads in part as follows:

"This cause, coming on to be heard on the verified amended petition of defendants, Kickert School Bus Lines, Inc. and Betty Jane Holman, under section 72 of the Civil Practice Act of Illinois, for an order vacating the judgment entered by default herein on January 13, 1962, and the verified affidavit, in support of the amended petition of Robert J. Heilgeist and the verified answer of the plaintiff, Nick Selvaggio, as Administrator of the Estate of Anthony Selvaggio, and the memoranda of authorities, filed by all parties herein, and it being stipulated by counsel for plaintiff and defendant that, if said Robert J. Heilgeist were to testify at the hearing on the

404

amended petition and answer herein, his testimony would be the same as that contained in his said affidavit in support of the amended petition, and no further evidence having been presented by either party . . . , *and the case being taken on defendants' said verified amended petition and affidavit in support thereof and the testimony of Robert J. Heilgeist and the verified answer thereto of the plaintiff . . . .*" (Emphasis ours.)

The court in the hearing on the motion not only took into consideration the defendants' verified amended petition and affidavit in support thereof, and the verified answer of the plaintiff, but also the testimony of Robert J. Heilgeist upon stipulation that his testimony would be the same as that contained in his affidavit in support of the amended petition. The order also recited that no further evidence was presented by either party.

In the case of Brockmeyer v. Duncan, 18 Ill2d 502, on page 505, 165 NE2d 294 the court said:

"A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought."

The defendants in this case, in addition to the verified amended petition and affidavit of the attorney in support thereof, offered proof of the matters therein alleged. The plaintiff offered no evidence to counteract the proof offered by the defendants.

The plaintiff contends that the allegations as to a meritorious defense are conclusions of the defendants and that it is necessary for a party filing a petition under section 72 of the Civil Practice Act to set forth facts which would show to the court that a meritorious defense to the action existed. While it is

405

true that the allegations in the amended petition regarding a meritorious defense are conclusions and would have been vulnerable to a motion to strike, nevertheless, where the sufficiency of a petition is not objected to by way of motion to strike but instead is answered, the answering party waives the question of the sufficiency of the petition. Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE2d 201.

In the case of Boyle v. Veterans Hauling Line, 29 Ill App2d 235, the court on page 240, 172 NE2d 512 said:

> "Unless the question of the sufficiency of the petition is properly preserved and brought to the attention of the trial court by a motion to strike and a ruling thereon, it is not available for consideration in a court of review.
>
> "The plaintiff here complains first that the petitioners failed to set up in their petition a meritorious defense. A mere statement that there is such a defense has been held to be insufficient. 23 ILP Judgments, sec 220. The plaintiff did not file a motion to strike. Through his attorneys he filed an answer to the petition, in which he denied the allegation with reference to a meritorious defense, and he further stated that the defendants have admitted liability."

The Boyle case involved a petition under section 72 of rule 1 of the Municipal Court of Chicago. In that case the court held that the interpretation of section 72 of the Civil Practice Act is applicable to section 72 of rule 1 of the Municipal Court of Chicago.

The plaintiff also raises the point that the cases of Bernier v. Schaefer, 11 Ill2d 525, 144 NE2d 577, and Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 176 NE2d 664, indicate that the failure to receive notice cannot be successfully asserted. In the Bernier case

the court merely said that if the proper giving of a notice could be frustrated by the mere allegation of the defendant that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method.

In the instant case there was more than a mere allegation by the defendants. There was uncontradicted evidence which constituted proof that no notice had been received by the defendants or their attorneys. In the Chavez case the court quoted the Bernier case also with regard to an allegation in the petition.

█ The defendants contend that plaintiff's jury waiver had been rendered ineffective due to the plaintiff's failure to advise the defendants of the attempted waiver.

The question of the necessity of giving notice under section 64(1) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 64(1)) was raised in the case of Skivington v. Lehman, 36 Ill App2d 479, 184 NE2d 785. Section 64(1) of the Civil Practice Act provides in part:

> "If the plaintiff files a jury demand and thereafter waives a jury, the defendant shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver and upon payment of the proper fees, if any, to the clerk."

On page 483 of the Skivington case the court said:

> "Issue having been joined by the filing of an answer after jury demand by a plaintiff, the language of section 64(1) gives a defendant the opportunity to demand a jury upon waiver by plaintiff, and thus provides, in effect, that a plaintiff cannot, under those circumstances, effectively waive a jury trial without notice to the defendant."

█ The defendants in this case were entitled to notice of plaintiff's intention to waive a jury. It can-

not be argued that this was unnecessary because the defendants were in default, their answer to the complaint having been stricken. The order of December 8, 1961 was improperly entered, as heretofore pointed out, because it has been proven that no notice was received by the defendants or their attorneys, and further, that the affidavit of mailing attached to the notice showed that the notice was mailed after the order was entered.

In the case of Westmoreland v. West, 19 Ill App2d 161, the court on page 164, 153 NE2d 275 said:

> "We hold that failure of defendants in the instant case to appear at the trial did not waive their right to a jury trial unless they had been advised of the waiver thereof as the statute requires."

Under the facts in this case we believe that the trial court was in error in denying the relief prayed for by the defendants in their verified amended petition under section 72 of the Civil Practice Act.

The Supreme Court in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, ruled that under the Civil Practice Act there has been a sufficient fusion of common law and equity practice to permit a motion under section 72 of the Act to be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice.

We believe that the instant case comes within the scope of the Ellman case. The orders appealed from for the foregoing reasons are reversed, and the cause is remanded with directions to vacate the judgment entered herein; to vacate the order entered on December 8, 1961 striking defendants' answer and prohibiting defendants from filing any further pleadings and setting the case for January 11, 1962 for prove up; to vacate the order entered on November 8, 1962 denying the amended petition to vacate the default

judgment and dismissing the amended petition, and for such other and further proceedings as are not inconsistent with the views expressed herein.

Reversed and cause remanded with directions.

SCHWARTZ, P. J. and DEMPSEY, J., concur.