Alonzo MORENO, Appellant,

v.

Alfonso VILLELA HERNANDEZ, Appellee.

No. 14701.

Court of Civil Appeals of Texas.

San Antonio.

June 26, 1968.

Glenn H. Ramey, Rio Grande City, for appellant.

Pope & Pope, Rio Grande City, for appellee.

BARROW, Chief Justice.

This is an appeal by writ of error from a judgment entered on October 6, 1967, after a non-jury trial, whereby appellee recovered judgment against appellant in the amount of $20,000. Appellant com-plains of the denial of his demand for trial by jury in violation of his constitutional rights. See Art. 1, Section 15, Art. 5, Section 10, Vernon's Ann.Tex.Const. Appellant also asserts the trial court erred in rendering a default judgment in that he had an answer on file.

On October 19, 1962, appellee brought this suit to recover his damages in the sum of $8,275.90, growing out of an automobile collision. Original and amended answers were filed on behalf of appellant by Emilio F. Gutierrez, Esq. On September 12, 1963, a demand for jury was made on behalf of appellant and the jury fee paid. On July 8, 1967, Attorney Gutierrez was granted leave to withdraw as counsel. On October 6, 1967, a judgment was entered after a non-jury trial on October 3, 1967, reciting that appellant, although duly cited to appear and answer, had failed to appear and wholly made default. Appellant timely filed this appeal by writ of error.

In Green v. W. E. Grace Manufacturing Company, 422 S.W.2d 723 (Tex. Sup.1968), the Supreme Court recently considered the question of a waiver of a timely demand for jury by failure to object to the withdrawal of the case from the jury docket. A distinction was recognized between those cases where a party who affirmatively asserted his right to a jury and paid the jury fee, but who was absent at the time of trial, and those cases in which the defaulting party had not requested a jury. The Court said: "In the first class it has been uniformly held that mere absence from the courtroom cannot be construed as a waiver and that neither the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it."

Here appellant timely demanded a jury and paid the required fee. His absence from the courtroom on the day set for trial did not operate as a waiver of his demand. The trial court's error in disregarding appellant's timely demand for a

jury requires a reversal of the judgment and a remand of the case. Texas & Pacific Ry. Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958); Jerrell v. Jerrell, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ).

The judgment of the trial court is reversed and the cause remanded.