Roger Schwartz, a minor, by Arthur Schwartz, his father and next friend, Plaintiff-Appellee, *v.* Andrew Kominski, Defendant-Appellant.

(No. 60085;

First District (1st Division)—January 28, 1975.

Lee Phillip Forman, of Chicago, for appellant.

Edwin A. Strugala and Marshall I. Teichner, both of Chicago, for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal presents three issues that touch on the right to trial by jury in a civil suit: (1) whether a defendant must be present at the trial in order to preserve his demand that the suit be heard by a jury; (2) whether it is error for a trial judge to decide a civil suit without a jury after defendant answered the complaint and filed a jury demand; and (3) whether a petition under section 72 of the Civil Practice Act will lie to set aside a judgment entered by a trial judge who heard a civil suit without a jury while defendant's jury demand was on file.

On September 4, 1968, plaintiff filed a complaint alleging that on September 3, 1966, he was injured in Chicago by defendant's careless and negligent operation of an automobile. On being served with a summons, defendant, believing he was insured, sent it to an insurance company whose attorney appeared for him, paid the requisite fees, filed an answer and demanded a trial by jury. On April 17, 1972, the attorney withdrew as counsel in the case because the insurance company obtained a

judgment declaring that the policy on which defendant had relied was not in force at the time of the accident alleged in plaintiff's complaint. A little less than 2 months later, the case was called for trial; defendant did not appear. The trial judge proceeded to hear the case without a jury, and in an order which found that defendant, although notified, had not appeared, he awarded plaintiff judgment for damages in the sum of $40,000 with costs.

Plaintiff's counsel mailed a copy of the judgment order to defendant and sometime later proceeded with citations to discover assets. Following service of one of these, defendant filed a petition under section 72 of the Civil Practice Act alleging, among other things, that the case against him was decided without a jury although he had not waived his jury demand. He prayed that the $40,000 judgment be vacated and the cause set for trial. The petition was denied. For the reasons that follow, we reverse.

■■ A defendant who has preserved his right to trial by jury in a civil suit need not be present in court in order to protect his right to have the case heard by a jury. (*North American Provision Co. v. Kinman*, 288 Ill.App. 414, 6 N.E.2d 235; compare *Westmoreland v. West*, 19 Ill. App.2d 161, 153 N.E.2d 275; see *Moreno v. Hernandez* (Tex. Civ. App. 1968), 430 S.W.2d 125; *People v. Malins* (1972), 24 Cal.App.3d 812, 101 Cal. Rptr. 270.) And, where a case is triable by jury as a matter of right, a court may not try it without a jury where a jury demand has been properly made. 50 C. J. S. *Juries* § 104 (1947).

■■ It is error for a trial court to hear a civil suit without a jury and assess damages after a defendant has appeared, answered the complaint, made a jury demand, and has not been defaulted. (*Eberhart v. Foster*, 165 Ill.App. 175; see *Westmoreland v. West*, 19 Ill.App.2d 161, 153 N.E. 2d 275; *Panhandle & S. F. Ry. Co. v. Lawless* (Tex. Civ. App. 1936), 94 S.W.2d 213; *Finnell v. Byrne* (Tex. Civ. App. 1928), 7 S.W.2d 139.) As a general rule, the error is one of fact. We do not agree with plaintiff's argument that, if anything, the trial judge's hearing of the case without a jury was an error of law. This argument presumes that when the case was called for trial, the judge knew that defendant's jury demand was on file. The record before us does not support this argument. Were we to agree with plaintiff, we would have to assume that either the trial judge was told of defendant's jury demand or he examined the court file, discovered its presence and then proceeded to deprive defendant of his right under the jury demand.

We will not make such an assumption. We prefer to assume that if the judge had known of defendant's jury demand, he would not have heard the case without a jury. (See *Heinsius v. Poehlmann*, 282 Ill.App.

472; *Frank v. Newburger*, 298 Ill.App. 548, 19 N.E.2d 147.) Therefore, we conclude that the trial judge did not know the jury demand existed; he must have assumed the case was nonjury when that status did not exist. An error of fact occurs when some fact which really exists is unknown, or some fact is supposed to exist which really does not. (*Mowatt v. Wright* (N.Y. 1828), 1 Wend. 355, 19 Am. Dec. 508.) For example, in *Wagner v. Shelly* (Ct. App. Mo. 1948), 210 S.W.2d 394, a clerk erroneously placed a civil suit for damages on the equity and jury waived docket. The trial judge believing, that defendant who was not present had waived his jury demand, proceeded on the assumption that the case was to be heard without a jury. It was held that the error of the trial judge in proceeding with the cause was an error of fact. (210 S.W.2d 394, 397.) The court concluded that had the trial judge known of defendant's jury demand, the judgment would not have been entered.

■■ It is well settled that a petition under section 72 of the Civil Practice Act is the proper procedure for bringing to a trial court's attention an error of fact which would have precluded entry of the judgment had the fact been known at the time. (See *Selvaggio v. Kickert School Bus Line, Inc.*, 46 Ill.App.2d 398, 197 N.E.2d 128; compare *Hawthorne Paper Sales Co. v. Kolf*, 41 Ill.App.2d 346, 190 N.E.2d 604.) Therefore, the trial court erred in its order denying defendant's section 72 petition. (*Skivington v. Lehman*, 36 Ill.App.2d 479, 184 N.E.2d 785; see *Trojan v. Marquette National Bank*, 88 Ill.App.2d 428, 232 N.E.2d 160; *Clark v. Brown*, 121 Ill.App.2d 280, 257 N.E.2d 565.) The order is reversed and the cause remanded with directions that the court grant the petition and set the case for trial before a jury, or for other and further proceedings that are not inconsistent with the views expressed in this opinion.

Reversed and remanded.

STAMOS and HAYES, JJ., concur.