RAY BANDYK, d/b/a TWIN MUSIC COMPANY, Plaintiff-Appellant, *v.* C. JOSEPH BERINGER, d/b/a THE RED VELVET LOUNGE, Defendant-Appellee.

(No. 60159;

First District (4th Division)—July 9, 1975.

*Rehearing denied September 10, 1975.*

J. Edward Jones, of Blue Island, for appellant.

Serpico, Stamos, Novelle, Dvorak, Navigato & Hett, Ltd., of Chicago (James A. Stamos, of counsel), for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of December 13, 1973, wherein the trial court vacated a default judgment in favor of plaintiff-appellant and denied his amended motion to strike defendant-appellee's petition to vacate. Plaintiff elected to stand on his amended motion and appeals from the denial thereof.

On May 22, 1973, plaintiff filed a complaint in two counts against defendant. In Count I plaintiff alleged that on October 18, 1972, the parties entered into a written contract whereby defendant granted him a 5-year exclusive right to install, operate and maintain on defendant's premises a juke box, pool table and other coin operated devices. The complaint further alleged that notwithstanding the provisions of the contract, defendant subsequently, on April 18, 1973, refused to allow plaintiff to maintain and operate the installed machines; that defendant further breached the contract by allowing one Tony Damico to install a juke box and pool table on his premises; and that Damico's equipment was still being maintained and operated. Pursuant to the terms of the contract, plaintiff sued for damages in the amount of $10,800. Count II requested punitive damages for defendant's alleged wilful, wanton and malicious breach of contract.

In June 15, 1973, the defendant, after being served with summons, filed a pro se appearance in which he demanded a jury and paid the required fees. He was defaulted on July 13, 1973, for want of an answer, and the cause was set for trial on the jury call. On the 18th of July plaintiff appeared in court and waived a trial by jury. The court conducted an ex parte proceeding at which plaintiff offered evidence, and a default judgment was entered against defendant in the amount of $14,800 plus costs. The order recited that execution should issue therefor.

Sometime thereafter defendant retained counsel who on October 11, 1973, secured an order staying all proceedings until further order and granting defendant 30 days to file a section 72 petition. The order recited

in relevant part that counsel for defendant had been advised by his client that a default judgment had been entered against him; that counsel had searched for the court file and records to examine the basis of the purported verdict and to prepare a section 72 petition; and that said records had not and could not be found or located. On October 18, 1973, plaintiff moved to vacate the order of October 11, and said motion was denied.

On November 6, 1973, defendant filed a petition together with supporting affidavits to vacate the default judgment of July 18, 1973. In his affidavit defendant asserted that at the time he filed his pro se appearance, he did not realize that an answer had to be filed by July 13, 1973. He further alleged that he was never informed of the July 18, 1973, trial date or of plaintiff's waiver of his jury demand. Defendant denied the allegations in the complaint and alleged that plaintiff breached their contract by refusing to service, repair and operate the juke box and pool table installed on his premises, and by failing to reimburse him in accordance with the contract. Finally, defendant alleged diligence in presenting his petition as he first became aware of the default judgment on September 17, 1973. Also attached to the petition was the affidavit of defendant's attorney who stated that he was first retained by defendant on September 17; 1973. He alleged that from September 17, 1973, until October 18, 1973, he made a search for the file in the instant case; and that until October 18, 1973, when attorney for plaintiff motioned up the file, he had no opportunity to examine its contents and determine the basis for the default judgment.

On November 6, 1973, plaintiff filed a special appearance together with an unsworn motion to strike defendant's motion to vacate judgment and affidavits in support thereof. Plaintiff filed an amended motion on December 4, 1973. In his amended motion plaintiff asserted that the court had no jurisdiction to vacate the order of July 18, 1973, except under section 72, since defendant's motion to vacate the judgment had not been filed within 30 days of its entry. Plaintiff further asserted that defendant was not entitled to section 72 relief. He argued that defendant was charged with the duty of following the case after he was served with process and filed his appearance; that the petition showed negligence without any excuse therefor; that a meritorious defense is not a proper matter in a section 72 proceeding, but rather should have been pursued on direct appeal; that defendant waited 50 days to file a section 72 petition despite the fact that he knew of the judgment on September 17, 1973, and did not need the case file to prepare a preliminary petition since he knew a jury was to try the case and could have looked in the clerk's minute book to find entry of judgment and waiver of jury; and that

should the court vacate the judgment, it would deprive plaintiff of his due process rights.

As stated above, on December 13, 1973, the trial court vacated the order of July 18, 1973, and denied plaintiff's amended motion to strike. The thrust of plaintiff's appeal is that negligence on the part of defendant prevented him from obtaining relief under section 72.

■■ Petitions under section 72 of the Civil Practice Act have received much attention from reviewing courts, and an examination of recent cases demonstrates an unmistakable judicial willingness to apply equitable considerations in determining appropriate relief. Such a judicial posture is particularly appropriate where a default judgment has been entered against a defendant after he has filed a pro se appearance and taken other steps which indicate an intention to defend against the suit. Undoubtedly, the entry of a default judgment under such circumstances is the most drastic action a court may take to punish a litigant for disobedience of its rules. Modern cases require only that a just result be achieved. (*Patrick v. Burgess-Norton Manufacturing Co.*, 25 Ill.App.3d 1083, 324 N.E.2d 196.) Thus, a court may exercise its discretion in any manner dictated by the equities of the case (*Stehman v. Reichhold Chemicals, Inc.*, 57 Ill.App.2d 40, 206 N.E.2d 299), and an appellate court is justified in disturbing the lower court's decision only when that discretion has been abused. (*Nagel v. Wagner*, 46 Ill.App.2d 2, 196 N.E.2d 728.) It is in this light that we must review the lower court's decision to vacate the judgment of December 13, 1973.

In his petition defendant alleges that he appeared pro se; that he was unaware that an answer had to be filed by July 13, 1973; that he was never informed that a trial had been set for July 18, 1973; that he was not advised of plaintiff's waiver of his jury demand; that he was not aware of the default judgment until September 17, 1973; and that he had a meritorious defense to the suit. We believe the petition and supporting affidavits presented a situation properly addressed to the equitable powers of the court and which required an exercise of those powers to prevent a manifest injustice.

This is not a case where the defendant exhibited total indifference to the proceedings filed against him. By filing a pro se appearance and a jury demand, he indicated a clear intention to defend against the suit. Plaintiff's counsel was obviously aware that defendant was without assistance of an attorney and that he had demanded a jury. And yet, a jury was waived by plaintiff without any notice to defendant. In a recent case, *Schwartz v. Kominski* (1975), 25 Ill.App.3d 789, 324 N.E.2d 91, the denial of a section 72 petition to vacate a default judgment was reversed. The court held that a defendant who had preserved his right to

a jury trial in a civil suit need not be present in court to protect his right to have the case heard by a jury.

The record further establishes that neither plaintiff nor his attorney informed the pro se defendant that he was in default and that plaintiff had proceeded to take judgment by default. Nor was an execution taken out and served on defendant within 30 days of judgment. While it is true that no rule exists which requires a successful litigant to sue out an execution and serve same on the defendant, it is equally true that failure to do so within 30 days of a default judgment casts a cloud upon the contention that the defendant did not move diligently to vacate the judgment. (See *Stehman v. Reichhold Chemicals, Inc.*, 57 Ill.App.2d 40, 206 N.E.2d 299.) Given the instant circumstances, one could reasonably assume that defendant would have presented his petition to vacate within the 30 day period had an execution been promptly served on him. In *Ellman v. De Ruiter*, 412 Ill. 285, 293, our supreme court stated:

> "While there was no duty on the attorney to notify defendant of the default judgments, fair dealing would require that he inform defendant of the defaults when the question arose instead of pursuing a course calculated to keep the defendant in ignorance until the time he could make a direct attack on the judgments had expired."

The equities in the case at bar strongly favor defendant, and we can find no abuse of discretion by the trial court in allowing defendant an opportunity to defend on the merits.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.