RAY BANDYK, d/b/a TWIN MUSIC COMPANY, Plaintiff-Appellant, *v.* ANTHONY DAMICO, Defendant-Appellee.

(No. 60160; ▮▮▮▮▮▮▮

First District (4th Division)—July 9, 1975.

*Rehearing denied September 10, 1975.*

J. Edward Jones, of Blue Island, for appellant.

No brief filed for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff appeals from an order of December 13, 1973, sustaining defendant-appellee's section 72 petition to vacate a default judgment entered against him. No brief was filed in this court by defendant-appellee, and we would be justified in revising pro forma without consideration of the merits for failure to comply with supreme court rules. But from an examination of the record, we have concluded that the best interests of justice would be served by affirming.

On May 25, 1973, plaintiff filed a complaint in which he alleged that plaintiff had entered into a written contract with one, C. Joseph Beringer, on October 18, 1972; that the contract granted plaintiff a 5-year exclusive right to install on Beringer's premises a juke box, pool table and other coin operated equipment; that plaintiff would collect all monies deposited therein and divide said monies between them on a 50/50 basis; that plaintiff did install equipment conspicuously displaying his name; that defendant, Anthony Damico, as an operator, knew it was the custom among such dealers in this type of business to enter into such exclusive installation contracts; that defendant knew plaintiff had entered into the written contract with Beringer; and nowithstanding his knowledge

of the contract and notice thereof, defendant entered into a contract with Beringer with the intent of breaking the prior contract even though he knew that plaintiff would be damaged irreparably by such a breach and that Beringer would be subjected to a suit for damages. Plaintiff further alleged his belief that defendant maliciously paid money to Beringer or his agent to induce a breach of contract by allowing defendant to install and operate his own equipment on the premises. Malice was the gist of the action.

On June 15, 1973, defendant filed a pro se appearance and demanded a jury trial for which he paid the required fees. He was defaulted on July 6, 1973, for want of an answer. On July 11, 1973, an order was entered reciting that the matter came on to be heard and plaintiff having waived a jury, and the defendant not being in court and not having pleaded to the complaint, and the court having heard sworn testimony, the court found in favor of plaintiff, including the finding that malice was the gist of the action. Judgment was entered against defendant in the amount of $14,899 plus costs.

Sometime thereafter defendant retained counsel who on November 2, 1973, filed a motion to stay proceedings and restore the file. On December 4, 1973, defendant's attorney filed a section 72 petition to vacate the default judgment. Attached to the petition was the affidavit of Damico in which he alleged that he filed a pro se appearance; that he did not realize that an answer was due on July 6, 1973; and that he was never apprised of the July 11, 1973, trial date, or that plaintiff had waived his demand for a jury. He alleged further that he had no notice or knowledge of any contract between plaintiff and Beringer and denied that he entered into negotiations with Beringer to break plaintiff's contract or that he paid money to anyone to induce the breach of that contract.

Plaintiff moved to strike the section 72 petition. On December 13, 1973, the court entered an order denying plaintiff's motion to strike and vacated the default judgment. Defendant was given 10 days in which to file an answer. Plaintiff stood on his motion and filed this appeal.

On this date we also handed down an opinion in which Beringer was appellee (*Bandyk v. Beringer*, 31 Ill.App.3d 263). For the same reasons set forth in that opinion, we affirm here.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.