ROBERT A. WASHINGTON, Plaintiff-Appellee, *v.* RICHARD L. CLAYTER, Defendant-Appellant.

First District (2nd Division)    No. 79-2045

Opinion filed December 2, 1980.—Rehearing denied December 30, 1980.

George B. Collins, of Collins & Amos, of Chicago, for appellant.

John Munday, of Lane & Munday, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

The defendant, Richard Clayter, motioned the trial court to vacate a default judgment entered against him. He contended that the default order of the trial court was void because he had not received proper service of summons. On this theory, all actions of the court subsequent to the improper service were also void. Further, he claimed that he did not receive notice of the ensuing court proceedings and, accordingly, was not represented at either the default or the damage assessment hearings. He also argued that plaintiff's delay in executing on the default judgment should have warranted the grant of his motion to vacate.

The essential facts which instigated the motion to vacate are these. On August 21, 1975, plaintiff filed a complaint in the circuit court of Cook County against defendant Richard Clayter, an attorney who had originally been retained to represent plaintiff in another action. Plaintiff's complaint and the other pleadings filed in this action allege the following facts. In March 1963, plaintiff was struck by a motor vehicle and suffered severe injuries. Plaintiff's mother, because plaintiff was then a minor, retained defendant to pursue personal injury claims against the other parties involved in the accident. On July 8, 1968, five years later, defendant filed suit on behalf of plaintiff against Polaris Engineering Company and Robert Lee Reed, seeking damages of $331,000. Defendant obtained service of process for the first time on Polaris in 1972, four years

after the filing of the suit. After it received service, Polaris filed a motion to dismiss plaintiff's cause of action. The motion to dismiss was predicated on plaintiff's failure to exercise due diligence in the service of summons, as required by Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)). The trial court ruled in favor of Polaris, granting the company's motion to dismiss the complaint. Polaris, however, appealed the ruling, because it was entered without prejudice and Polaris sought a ruling which would bar refiling of the cause. In 1973, while the appeal was still pending, defendant refiled the suit on plaintiff's behalf.

On January 11, 1974, the trial court, with a different judge sitting, dismissed the refiled complaint. Once again, the reason for the dismissal was specified as dilatory service of summons. Defendant referred plaintiff's action to another attorney who presumably would pursue an appeal of the trial court's dismissal. The appellate attorney failed to comply with procedural requisites for appeal and the appeal was dismissed in October 1974. The instant complaint for professional malpractice was filed on August 21, 1975, following plaintiff's consultation with an attorney in Hamden, Connecticut. An attorney was then engaged in Chicago to initiate a malpractice claim against defendant. Summons issued, and was purportedly served by sheriff's police, on September 2, 1975. Defendant did not answer the complaint or otherwise appear following issuance of summons.

On May 12, 1976, plaintiff's notice of motion for a default order was mailed to defendant. On May 17, both defendant and plaintiff by his attorney appeared before Judge Bua. No transcript of this hearing is contained in the record, but defendant apparently maintained that he had not been properly served with summons. Judge Bua allowed defendant 14 days to file affidavits to that effect or, in the alternative, pleadings responsive to plaintiff's complaint. In that same order, Judge Bua continued plaintiff's motion for a default order to May 31.

Although unknown at the time the May 31 date was set, May 31 was a court holiday. Plaintiff, on discovering this fact, sent a letter to defendant announcing the rescheduling of the court date to May 28. Defendant did not appear at the May 28 hearing or otherwise comply with the trial court's order to produce affidavits. The trial court granted plaintiff's motion for a default order. A notice of motion appears in the record, dated July 15 1976, scheduling a court date for the assignment of the action for trial on damages.

On July 20, the case was heard in a different courtroom on the no progress call. That judge set the case for trial on damages for August 16. On that date, the court heard sworn testimony by plaintiff, and awarded damages of $150,000. Other than the May 17 hearing, defendant failed to

appear at any of the court dates leading to the entry of the default judgment.

In December 1977, plaintiff, by way of another attorney retained by his acting attorney, endeavored to garnishee defendant's bank account. This account contained $521.89. Soon thereafter, on January 11, 1978, defendant filed a petition to vacate the default judgment entered against him over 16 months before. He contended that "the court was without jurisdiction to enter the * * * judgments for the reason that no summons or process of any kind, had been served on movant nor anyone else in his behalf, and he had no Notice or knowledge of the pendency of this cause." He further alleged that the sheriff's return of service was faulty and should be stricken. Plaintiff replied to the motion, stating that defendant had received notice of the pendency of the action because defendant had appeared before Judge Bua on May 17, 1976. Defendant, in his response, *"expressly and vehemently"* (emphasis added) denied being in Judge Bua's courtroom on May 17, 1976, and restated his contention that he had never been served with summons or any other process in the matter. Defendant also submitted the affidavit of his secretary to the effect that he was not in the office on the date when summons was allegedly served.

The cause progressed through a series of ten continuances, from March 1978, to April 1979. On May 18, 1979, the 11th continuance was granted, to allow defendant an opportunity to retain an attorney. That attorney was not ready for trial, although he did file an appearance on June 4, 1979, and another continuance was granted, this time to June 27, 1979. On June 28, defendant was permitted to file an amended petition to vacate. The hearing on the petition was set for August 1979, almost 20 months after the filing of the original petition to vacate.

The amended petition contained for the first time an admission that defendant was in fact present at the May 17 hearing before Judge Bua. The petition also conceded that "defendant did not appear in court on May 31, 1976, the date set on May 17, 1976, because such date fell on a holiday, Memorial Day, and defendant was of the opinion that plaintiff would inform him of the new date once the inadvertent court date was discovered." Defendant further alleged that he had forgotten about plaintiff's lawsuit and had, accordingly, failed to follow its progress. Defendant also maintained that he had received no notice of the entry of the default judgment. Attached to the petition was an affidavit from a business client, averring that defendant was not in his office, but on the contrary, was with the affiant on the date of service.

The trial court, with the same judge sitting who had granted the default judgment, entered an order on October 22, 1979. The order recited that the trial court had "examined briefs and affidavits submitted

by counsel and [had] heard oral argument and [was] fully advised in the premises." The court then denied defendant's motion to vacate. This appeal followed.

■■ Where a defendant appears specially and establishes that he has not been served with summons, the court is without jurisdiction to enter judgment against him. (*G. Brock Stewart, Inc. v. Valenti* (1976), 43 Ill. App. 3d 673, 674, 357 N.E.2d 180.) Any judgment so entered would be void whether or not the defendant had actual knowledge of the proceeding. (*Gocheff v. Breeding* (1977), 53 Ill. App. 3d 608, 610, 368 N.E.2d 982.) A person attacking a default judgment for lack of personal jurisdiction is not restricted by the usual due diligence requirements of a petition under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 72.) The provisions of section 72 do not affect the right to relief from void orders. (See Ill. Rev. Stat. 1979, ch. 110, par. 72(6); see also *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 905, 393 N.E.2d 574.) Therefore, if defendant properly objected to service of summons prior to filing a general appearance or, failing to receive proper service, simply did not appear during the pendency of the original proceeding and then made a motion to vacate following the entry of a default judgment, the trial court's order must be set aside as void. See *Abron v. Public Pontiac, Inc.* (1965), 64 Ill. App. 2d 73, 77-78, 212 N.E.2d 326.

In the instant case, however, several factors preclude our resort to the well established rules of law set out above. In the usual case, defendant appears in court to challenge the service of summons and to present affidavits or evidence to overcome the presumptive validity of the service of summons. (See, *e.g., Sears, Roebuck & Co. v. Sigman* (1956), 12 Ill. App. 2d 556, 140 N.E.2d 376. (abst.).) In contrast, defendant herein appeared in court, made a conclusory challenge to service, and was granted 14 days in which to substantiate his claims. Instead of returning to court with the affidavits within the time prescribed by the trial court, defendant permitted the 14 days to expire, failing to present any evidence to the court to support his claims of improper service. He now endeavors to justify his conduct by contending that he relied upon plaintiff to reschedule the court date and to advise him of the new time. He also excuses his conduct as the result of forgetfulness and inattention rather than purposeful neglect.

Initially, we note that this court has repeatedly rejected excuses based upon failure to follow the progress of the lawsuit. (See, *e.g., David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 75, 367 N.E.2d 101 (discussing litigants' responsibilities in analogous context of due diligence requirements of section 72 petition).) That reasoning is even more compelling where, as here, the litigant is an attorney, familiar

through his practice with the dictates of time constraints imposed by the court system. In *Staunton Coal Co. v. Menk* (1902), 197 Ill. 369, 375, 64 N.E. 278, our supreme court set out the basic policy: "It is the duty of a party to be present when his case is reached. His negligence in ascertaining when the case will be reached does not excuse his absence." Thus, forgetfulness and inadvertent neglect are excuses neither for the attorney acting pro se nor for any other litigant.

■■ An examination of the May 17 order reveals that it consists of two separate and divisible provisions: first, that defendant must present affidavits on his claim of defective service within 14 days; and second, the plaintiff's motion for default judgment would be set for May 31, presumably to allow prior consideration of the merits of defendant's challenge to service of process. As a result, defendant had the initial obligation under the order to present his claims within the time allowed in order to preserve his contentions. If the orders of a court are to have any binding force, disregard of court-ordered time limits cannot be condoned, particularly where employed to defeat a subsequent judgment. Under defendant's theory of the case, he would have the right to repeatedly raise a collateral defense without fulfilling his obligation to present evidence thereon. Quite the contrary, once a collateral defense is raised, it surely must be pursued, or else be held abandoned. Accordingly, defendant's noncompliance with the court order of May 17 and attendant failure to follow through with his claim of improper service manifested an abandonment of his contentions. As a consequence, the continuation of the cause to default was proper under the circumstances presented by the instant case.

■■ The case at bar is readily distinguishable from those cases cited by defendant. In each of those cases the challenge to the judgment was made and pursued in the proper course of litigation. (See, *e. g., Robinwoods West, Inc. v. Kramer* (1970), 128 Ill. App. 2d 49, 51, 262 N.E.2d 332; *Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 236-37, 297 N.E.2d 795.) A delay in challenging service of summons does not in any way validate the service or return. (*Mason v. Freemen National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 585, 366 N.E.2d 1015.) The instant case, which evinces an abandonment of the claim, is distinguishable from those cases where there has been an initial delay in bringing the matter before the court. Accordingly, the cases concerning initial delay are inapposite.

Defendant also maintains that even if the judgment was not void, his motion to vacate should have been granted on other grounds. He contends that plaintiff's failure to notify him of the default and damages hearings should have warranted the grant of this petition. Further, he claims that because plaintiff had made a jury demand and the damages

hearing was held without a jury, defendant was deprived of substantial justice in not being informed of the jury waiver. He asserts that absent an opportunity to voice his choice of jury or bench trial, the damages portion of the default order should be vacated and returned for a jury trial on that issue alone. Finally, defendant attacks plaintiff's delay in executing on the default and contends that the delay should provide grounds for vacating the judgment.

■■ Defendant has not presented this court with a transcript of the hearing on his motion to vacate. Defendant, as appellant, has thereby waived all points that can be reviewed only by a consideration of what actually transpired at the hearing. (See *Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 596, 404 N.E.2d 537.) The order of the court recites that it was "fully advised in the premises" and had reviewed the affidavits and heard oral argument. Under such circumstances, it has been held that a reviewing court must presume that the trial court acted in conformity with the law and properly exercised its discretion. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684.

■■ Even if we accept defendant's claims of lack of notice of proceedings subsequent to the May 17 hearing, it does not automatically follow that the motion to vacate should have been granted. A court, when determining the sufficiency of a section 72 petition, should apply equitable principles as justice and fairness require. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) The conduct of the parties and of counsel for the parties may be examined in determining the sufficiency of the petition. (*Mueller*, at 979.) Additionally, even if the facts alleged under the petition would generally justify section 72 relief, the absence of an excuse for failing to timely assert those facts before the trial court will preclude relief. (*Mueller*, at 978.) Moreover, "The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court." *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294.

Questions of receipt and of actual knowledge of the pendency of the suit, or correspondingly, of negligence in pursuing the case, are factual matters within the discretion of the trial court. This is not a case where it is undisputed that no notice was received. (*Cf. Hall v. McMillian* (1972), 8 Ill. App. 3d 448, 449, 289 N.E.2d 699 (undisputed that defendant was not notified of damage hearing; default judgment vacated).) Rather, plaintiff contends that he called defendant but that his calls were not answered, that he mailed notices to defendant but that the court dates were not attended. We also observe that lack of receipt is not inconsistent with adequate notice being given. (See *Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 311, 247 N.E.2d 409; see also *Lutz v. Lutz* (1977), 55 Ill. App. 3d

967, 971-72, 371 N.E.2d 348 (contrasting a situation where defendant did not know of plaintiff's intent to seek default with a situation, parallel to instant case, where defendant was alerted to plaintiff's intentions).) There is no record of the proceedings in the trial court, and, in their absence and without any proof to the contrary, we must presume that the missing portions support the decision reached on the issues presented. (See also *Trojan v. Marquette National Bank* (1967), 88 Ill. App. 2d 428, 437, 232 N.E.2d 160.) Thus, since there has been no showing of clear abuse of discretion, the decision of the trial court is affirmed. See *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 739, 383 N.E.2d 1361.

Defendant's final contention is that the judgment on damages should be vacated as a matter of law because plaintiff had made a jury demand and defendant had not been advised of its withdrawal in time to instate his own jury demand. Defendant has cited several cases and section 64(1) of the Civil Practice Act in support of his position. (Ill. Rev. Stat. 1979, ch. 110, par. 64(1).) Section 64(1) provides:

> "A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later that the filing of his answer. Otherwise, the party waives a jury. * * * If the plaintiff files a jury demand and thereafter waives a jury, any defendant and, in the case of multiple defendants, if the defendant who filed a jury demand thereafter waives a jury, any other defendant shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver and upon payment of the proper fees, if any, to the clerk."

Not cited by the parties, but nonetheless relevant to the case at bar, is section 71 of the Civil Practice Act:

> "Upon default, when the damages are to be assessed, the court may hear the evidence and assess the damages without a jury for that purpose. * * * Provided, that either party may have the damages assessed by a jury." Ill. Rev. Stat. 1979, ch. 110, par. 71.

■■ Defendant correctly contends that under section 64(1), a plaintiff who files a jury demand must notify the defendant of the withdrawal of that demand prior to proceeding with a trial by the court, in order to allow defendant to exercise his own right to demand a jury trial. (See *Selvaggio v. Kickert School Bus Line, Inc.* (1964), 46 Ill. App. 2d 398, 407-08, 197 N.E.2d 128; *Skivington v. Lehman* (1962), 36 Ill. App. 2d 479, 482-83, 184 N.E.2d 785; *Westmoreland v. West* (1958), 19 Ill. App. 2d 161, 162-63, 153 N.E.2d 275; see generally *Schwartz v. Kominski* (1975), 25 Ill. App. 3d 789, 791, 324 N.E.2d 91.) Section 64(1) specifically provides that "defendant shall be granted a jury trial upon demand therefor made promptly after being advised of the waiver * * * ." The requirement of advisement

was added in 1941 "to protect the defendant against loss of his opportunity to demand a jury trial in those cases in which he fails to file a jury demand because plaintiff has demanded a jury trial at the time of commencement of suit, and plaintiff later waives his demand at a subsequent stage of the proceeding." (Ill. Ann. Stat., ch. 110, par. 64, Hist. & Prac. Notes, at 223 (Smith-Hurd 1968).) Section 71, however, has not adopted a requirement that a defendant be advised of a jury waiver.

*Westmoreland* and *Skivington*, cited by defendant, expressly exempt the situation of the instant case, *i.e.*, a defendant who has not answered and is later defaulted, from their holdings. (*Skivington*, at 483; *Westmoreland*, at 163.) Instead, the cases relevant to the instant case are those that discuss the jury demand in the context of section 71 and the defaulted defendant.

■ It is clear that plaintiff may withdraw a jury demand and proceed to trial without filing a formal, written waiver thereof. (See *Williams v. Frank* (1967), 85 Ill. App. 2d 85, 86, 229 N.E.2d 408; *Harris v. Juenger* (1937), 289 Ill. App. 467, 471, 7 N.E.2d 376, *rev'd on other grounds* (1937), 367 Ill. 478, 480.) The cases which have spoken to the situation presented herein, where no answer was filed and a default judgment was entered against defendant, have concluded that defendant does not have to be explicitly advised of plaintiff's jury waiver. (*Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 567, 309 N.E.2d 690; *Wienhoeber v. Wienhoeber* (1964), 53 Ill. App. 2d 387, 202 N.E.2d 864 (abstract); *Acosta v. Burris* (1964), 47 Ill. App. 2d 201, 205, 197 N.E.2d 757; *Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 447, 138 N.E.2d 66.) We therefore conclude, based upon the above cases and section 71 of the Civil Practice Act, that defendant's lack of notification of plaintiff's jury waiver did not void the judgment.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

PERLIN, P. J., and HARTMAN, J., concur.