ABRAHAM MANASTER, Defendant in Error, *vs.* WILLIAM KIOEBGE, Plaintiff in Error.

*Opinion filed February 20, 1913.*

1. PRACTICE—*section 59 of Practice act, concerning assessing damages after default, construed.* Under section 59 of the Practice act the defendant, although defaulted, is entitled to demand a jury trial in the matter of assessing damages, and proof of damages must be made even though neither party demands a trial by jury and the damages are assessed by the court.

2. SAME—*when capias ad satisfaciendum cannot issue under section 128 of Practice act.* Section 128 of the Practice act, providing that no person shall be imprisoned for non-payment of a judgment in a civil action except upon conviction by a jury or unless a jury trial was waived in writing, applies to a case where the defendant is defaulted as well as to one where he appears and pleads to the declaration.

3. CONSTITUTIONAL LAW—*provision as to title of an act must be construed liberally.* The constitutional provision concerning the title of an act must be construed liberally in favor of the act, and it is not necessary that the title shall be a complete index to the body of the act nor is it required to state the reasons for the passage of the act.

4. SAME—*section 128 of Practice act is not invalid.* The act of 1893, (now section 128 of the Practice act,) being an act "to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," does not violate the constitutional provision as to the title of an act, by reason of the fact that the act is construed to include judgments by default.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

WILLIAM L. REED, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and S. SIDNEY STEIN, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Abraham Manaster brought suit in the circuit court of Cook county against William Kioebge to recover $700. The declaration alleged the plaintiff and defendant entered into a contract whereby defendant agreed to provide for plaintiff all the carpenter work in the construction of a building then in process of construction upon plaintiff's premises, according to plans and specifications of the architect; that with a view of carrying out the contract defendant procured materials from various parties and contracted obligations in connection therewith; that after he had progressed with the work for some time defendant applied to the architect superintending the building for a certificate directing the payment to him of $700; that the architect gave the certificate directing the payment of said sum to defendant, but wrote on the back of it directing plaintiff to pay the greater portion of it to the Pulaski Lumber Company, to whom defendant had become indebted for materials furnished him and used in the building in the performance of his contract. The declaration further alleges that on the same day the certificate was given, or the day following, defendant asked plaintiff to pay him $700, and stated that the architect had issued a certificate for the payment to him of that sum but he had lost it and was unable to find it. Plaintiff, relying upon and believing defendant's statements, paid him said sum of $700. The declaration alleges the statements of defendant were false, were known by him to be so when made, and that they were made for the fraudulent purpose of obtaining said sum of $700. The declaration further alleges defendant received and appropriated said sum to his own use and did not pay the Pulaski Lumber Company and others to whom

he was indebted for work and labor performed and materials furnished the defendant and used in performing his contract with plaintiff, and plaintiff was compelled to pay the said obligation, amounting to a sum in excess of $700. Summons was personally served upon the defendant more than ten days before the first day of the May term, 1911, of said circuit court, and defendant not appearing, he was defaulted. At the succeeding November term the court heard evidence offered by plaintiff, assessed his damages at $450, rendered judgment in his favor therefor and ordered that a *capias ad satisfaciendum* issue against the defendant. In January, 1912, the defendant was taken into custody by the sheriff and confined in jail. In March following, defendant, by counsel now representing him, after notice to plaintiff, moved the court to quash the *capias* and vacate that part of the judgment ordering said writ. The motion was denied. Defendant then sued a .writ of error out of the Appellate Court for the First District, and that court admitted him to bail pending the decision of the case.

The errors assigned by plaintiff in error in the Appellate Court were, that under section 128 of the Practice act the circuit court had no jurisdiction to order the writ of *capias ad satisfaciendum,* there having been no trial by jury or waiver of trial by jury in writing. By the assignment of cross-errors defendant in error challenged the constitutionality of said section 128. Thereupon the Appellate Court transferred the cause to this court. In this court plaintiff in error makes the one point that under the section of the Practice act referred to there can be no imprisonment for non-payment of a judgment except upon the verdict of a jury or where there has been a waiver of trial by jury in writing. Defendent in error contends (1) that the statute referred to is not applicable to this case; and (2) if it is applicable it embraces a subject not expressed in the title, in violation of section 13 of article 4 of the constitution.

257 — 28

The statute involved was enacted in 1893 and consists of one section. The title and the act in full are as follows:

"An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, *quasi* criminal, or *qui tam* action, except upon conviction by jury: *Provided,* that the defendant or defendants, in any such action may waive a jury trial by executing a formal waiver in writing: *And provided, further,* that this provision shall not be construed to apply to fines inflicted for contempt of court: *And provided, further,* that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by a jury."

The basis of the argument of defendant in error that said act is not applicable to this case is, that there was no issue to be tried in the circuit court; that the default of plaintiff in error admitted the facts charged in the declaration and there was no issue to prove; that the only thing to be proven by testimony was the amount of damages,— and section 59 of the Practice act is relied upon to support that argument. That section provides, in cases where the defendant is defaulted and damages are to be assessed "it shall be lawful for the court to hear the evidence and assess the damages without a jury for that purpose: * * * *Provided,* that either party may have the damages assessed by a jury." Under that section, notwithstanding the default, proof was required to be made in assessing the damages, and the defendant, although defaulted, had the right to demand the assessment of damages be made by a jury. (*Pinkel* v. *Domestic Sewing Machine Co.* 89 Ill. 277.) The assessment of damages was authorized to be made by the court only where neither party demanded a jury for that purpose. The act of 1893 (now section 128 of the Prac-

tice act) in the most positive and direct terms provides that no person shall be imprisoned for non-payment of a judgment in any civil action except upon conviction by jury, unless a jury trial is waived by executing a formal waiver in writing. This language clearly embraces cases where the defendant is defaulted as well as cases where he appears and pleads to the declaration, and we would not be authorized to read into it, contrary to its plain language, an exception in cases where the defendant is defaulted. Section 59 was enacted many years before the adoption of section 128. The latter section does not prohibit the assessment of damages and rendering judgment therefor where the defendant is defaulted and does not demand a jury, but it does prohibit ordering a *capias ad satisfaciendum* and imprisonment of the defendant for non-payment of the judgment in any case except upon the verdict of a jury, unless a trial by jury is waived in writing.

We do not think the act embraces any subject not expressed in its title. The title, "An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment," clearly indicates the subject of the act, and the act itself, it seems clear to us, embraces no other subject than that expressed in the title. The constitutional provision requiring an act to embrace but one subject and that to be expressed in the title, we have repeatedly held is to be construed liberally in favor of the act. The title is not required to be an index to the body of the act, nor is it required to state the reasons for the passage of the act. If there existed any doubt it would be our duty to sustain the act, but we have no doubt that the title complies with the constitutional requirement.

In our opinion the court erred in ordering a *capias ad satisfaciendum,* and that part of the judgment ordering said writ is reversed. In all other respects the judgment is affirmed. The costs of this appeal will be taxed to defendant in error.

*Judgment affirmed in part and reversed in part.*