Washington Manufacturing Company, Inc., a Corporation, Plaintiff-Appellant, v. American Uniform Rental Company, a Partnership, and J. Wes Gentry, Cecil Oller, Joseph Coughlin, and Harmon Bowman, Partners, Defendants-Appellees.

Gen. No. 65–112.

Fifth District.

July 5, 1966.

Rehearing denied July 26, 1966.

Frank E. Trobaugh and Stephen E. Brondos, of West Frankfort, for appellant.

August L. Fowler, of Marion, for defendant-appellee, Joseph Coughlin, and Kenneth B. Powless, of Marion,

for defendants-appellees, J. Wes Gentry and Harmon Bowman.

GOLDENHERSH, P. J.

Plaintiff appeals from the judgment of the Circuit Court of Williamson County entered after denial of plaintiff's petition to set aside a prior order of the court dismissing with prejudice, plaintiff's cause of action.

Plaintiff filed suit on November 27, 1961. Defendants Gentry, Coughlin and Bowman individually, filed answers, denying the allegations of the complaint, denying defendants were partners, and as an additional defense, each defendant alleged that plaintiff, a foreign corporation, is unlawfully engaged in doing business in Illinois and may not, therefore, maintain this action. No pleading was filed for defendant, Oller. On May 3, 1963, each of the three defendants named filed a motion for judgment on the pleadings.

On December 18, 1964, a notice bearing the signatures of the Chief Judge and two associate Circuit Judges of the First Circuit was issued, listing a number of cases, including the one on appeal, and notifying counsel and litigants that the cases would be reviewed on January 18, 1965, that if parties or counsel did not appear at that time to "show good cause," all cases "in which no appeal is pending, and in which no motion or order has been made for two years or in which no action has been taken or attempt made for trial or disposition within two years preceding the call may be dismissed for want of prosecution, or may be summarily dismissed by the Court and shall not thereafter be docketed without good cause shown." The notice further provides that upon a dismissal order being entered, the Clerk shall immediately give notice thereof to each party who has appeared and against whom the order is entered, or his attorney of record. The notice includes, verbatim, section 50.1 of the Civil Practice Act (c 110, § 50.1, Ill Rev Stats 1965).

51

The record does not show whether, or in what manner, this notice was communicated to counsel. Plaintiff's attorney of record, whose office is in an adjoining county in the First Circuit, is attorney of record in three of the thirty-one cases in the list attached to the notice.

The next order entered in this case is dated January 18, 1965, and recites that the "cause is called pursuant to setting and notice sent to all attorneys of record." It further states that plaintiff's attorneys do not appear, defendants' counsel are present in court, and on motion of defense counsel, that "this cause be dismissed after the expiration of 30 days from this date unless plaintiff appears within such time and shows good cause for reinstatement or other disposition." The order is marked "Filed April 13, 1965."

An order dated April 12, 1965, and filed April 13, 1965, recites that plaintiff has not appeared within 30 days of January 18, 1965, no oral or written motion has been filed by plaintiff, and orders the cause dismissed, with prejudice.

On June 10, 1965, plaintiff filed a petition based on section 72 of the Civil Practice Act, for reinstatement of the case, verified by its then counsel of record. The petition and the affidavit filed in support thereof state that subsequent to the filing of the pleadings plaintiff answered written interrogatories, correspondence was had between counsel in an effort to arrange for depositions at times convenient for the parties, that a discussion of possible settlement took place on April 26, 1965, that neither plaintiff nor its attorney received notice of the orders dated January 18, 1965, and April 12, 1965, that plaintiff's attorney became aware of the entry of these orders on May 25, 1965.

On July 13, 1965, plaintiff, represented by the counsel who prosecute its appeal, filed an amended petition. In substance, the petition and supporting affidavits state that neither plaintiff nor its counsel received notice,

nor were they aware of the entry of the orders of December 18, 1964, January 18, 1965, or April 12, 1965. They further state that a vice president of plaintiff, its then counsel and one of the defendants conferred regarding possible settlement of the case on April 26, 1965, and plaintiff's counsel and one of the attorneys for defendants discussed settlement after that date, and neither defendant nor the attorney made any mention of the orders to plaintiff's vice president or its attorney. The affidavits further state that plaintiff has a meritorious cause of action, facts in support of the statement are set forth in considerable detail, and copies of a number of exhibits are thereto attached.

Defendants filed a motion to strike the amended petition. On October 11, 1965, the circuit court made a docket entry allowing defendants' motion to strike, and in a written order dated October 11, 1965, and filed October 29, 1965, the court "confirmed and approved" its order of April 12, 1965. The order also provides that defendants "have and receive from plaintiff, Washington Manufacturing Co., Inc., a corporation, all costs accrued herein as taxed by the Clerk of this court, and that they have execution therefor." This appeal followed.

 Section 72 of the Civil Practice Act (c 110, § 72, Ill Rev Stats 1965) provides the procedure by which a litigant may seek relief from final orders, judgments and decrees after 30 days from their entry. The petition invokes the equitable powers of the court, Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, and the granting or refusal of the relief sought should be tested by the principle of fundamental fairness to prevent injury, and seek the furtherance of justice. Mieszkowski v. Norville, 61 Ill App2d 289, 209 NE2d 358.

 In considering a motion to strike the petition, the facts well pleaded must be taken as true. Pierce v. Carpentier, 20 Ill2d 526, 169 NE2d 747. In order to be entitled to relief, a petitioner must show that he has a

meritorious claim and that he and his attorney have exercised reasonable diligence. Mutual Truck Parts Co. v. Nelson, 69 Ill App2d 30, 216 NE2d 301.

Treating the allegations of the amended petition as true, plaintiff is entitled to the relief prayed. Plaintiff's affidavits state that no notice of any of the orders was received by it or its counsel. It is true that the failure to give notice as required by section 50.1 of the Civil Practice Act does not impair the force, validity or effect of the order, but fairness requires that such notice be given. Nagel v. Wagner, 46 Ill App2d 2, 196 NE2d 728. The affidavits state that plaintiff's first knowledge of the orders was on May 25, 1965, and the filing of a petition on June 10, 1965, shows plaintiff acted with diligence in seeking relief. Further, the record shows that motions for judgment on the pleadings were filed on May 3, 1963, which fact would serve to take the case out of the category defined in the order of December 18, 1964, which stated the court would act on cases "in which no motion or order has been made for two years."

As stated by the Appellate Court (Second District) in Mieszkowski v. Norville, 61 Ill App2d 289, at page 297, 209 NE2d 358, "While we recognize that rules of court must be observed if dockets are to be kept current, yet courts must, in a proper case, yield the procedural exactitudes to the more basic rules of fundamental fairness."

Defendants argue that the pleadings show that plaintiff, by failing to reply to certain defenses, has admitted the truth of the defenses alleged in the answers and is precluded from proceeding here because of its violation of the provisions of ch 32, § 157.125, Ill Rev Stats 1965. The sole issue before this court at this time is the correctness of the trial court's ruling on plaintiff's petition and we do not reach issues that may later arise, Mahin v. Baltis, 34 Ill2d 413, 216 NE2d 132.

For the reasons herein set forth, the judgment of the Circuit Court of Williamson County is reversed and the cause remanded with directions to vacate the orders of April 12, 1965, and October 11, 1965, and reinstate the cause on the docket.

Judgment reversed and remanded with directions.

MORAN and EBERSPACHER, JJ., concur.