Mary Carlstedt, Individually, and as Administratrix of the Estate of Raymond Carlstedt, Deceased, Plaintiff-Appellee, v. Charles L. Kaufmann, Eugene B. Kaufmann, Lester M. Kaufmann and The Kaufmann Building Corporation, an Illinois Corporation, Defendants-Appellants.

Gen. No. 52,247.

First District, Fourth Division.

January 7, 1970.

Andrew J. Farrell, of Chicago, for appellants.

Charles Pressman, Pressman & Hartunian, of Chicago, for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This is an appeal from an order that denied defendants' motion to strike and granted plaintiff's petition to vacate a dismissal for want of prosecution. Although defendants have fragmentized its presentation, the issue is whether plaintiff's petition satisfied the requirements of section 72 of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 72.

The petition, sworn to and supported by exhibits, alleged that on August 22, 1961, plaintiff filed suit against defendants to recover for the wrongful death of her husband, Raymond Carlstedt. Defendants appeared and

answered the complaint. Discovery proceedings and pretrial motions followed. On March 31, 1965, the case was called for pretrial conference. Plaintiff alleged there was an agreement between counsel that the pretrial be continued to April 14, 1965. On April 9, 1965, defendants served plaintiff with a notice that on April 14, 1965, they were going before a motion judge in the circuit court and ask leave to file a motion for summary judgment. Plaintiff's counsel called counsel for defendants and discussed hearing of the motion and the possibility of settlement. "[M]r. Farrell (defendant's counsel) thereupon informed . . . Charles Pressman (plaintiff's counsel), . . . that there was no possibility of settlement. It was therefore agreed that plaintiff's counsel should thereupon inform Judge Wham (the pretrial judge) that there was no possibility of settlement at least until the Motion for Summary Judgment was disposed of, and that in view of these circumstances, it would be best to place the case on the trial call."

On April 14, 1965, and because of the agreement, only plaintiff's counsel appeared in the courtroom of the pretrial judge. He spoke with the clerk, told him of the agreement and asked that the judge be advised of the parties' desire that the cause be placed on the trial calendar. The clerk told plaintiff's counsel that if the pretrial judge wanted counsel to be present, he, the clerk, would so advise by telephone. No call was received from the clerk; so plaintiff's counsel assumed the case was placed on the trial call. However, on April 19, 1965, the cause was dismissed for want of prosecution. Plaintiff alleged that "No postcard informing plaintiff or her counsel of the dismissal order was ever sent by the clerk of the court, nor did he ever inform counsel for the plaintiff that disposition was other than as stipulated to by the parties."

Plaintiff further alleged that on April 15, 1965, the day after the cause appeared for pretrial, the parties

were before the motion judge in accordance with their agreement that a dismissal order was not to be entered.* The motion for summary judgment was filed and assigned for hearing. On April 23, four days after the cause was dismissed for want of prosecution, the parties proceeded with further discovery. Letters were exchanged between counsel concerning dates for depositions. Hearing on the motion was continued to May 29, 1965, then to July 12, 1965; and finally by agreement of the parties, continued generally. The petition alleged that on December 6, 1966, when the court file was checked by plaintiff's counsel, the dismissal for want of prosecution of April 19, 1965, was discovered. The petition under section 72 was filed December 20, 1966.

Defendants first questioned the jurisdiction of the trial court by a motion to vacate an order of December 8 which allowed plaintiff to file her section 72 petition on or before December 20, 1966. The motion was denied. On January 4, 1967, defendants filed a special and limited appearance to object to the jurisdiction of the court over them and to request a stay of plaintiff's petition. Hearing was set for February 27, 1967. On January 30, defendants filed a motion to strike and dismiss plaintiff's petition.

■■■ It is an elementary rule of pleading that defendants' motion to strike admitted as true all well-pleaded facts in plaintiff's petition. Pierce v. Carpentier, 20 Ill2d 526, 169 NE2d 747; Washington Mfg. Co. v.

---

* There is a dispute concerning the exact date on which the parties were before the motion judge. Plaintiff has moved for leave to make page 18 of the motion judge's minute book a part of the record on appeal. Defendants filed objections. We took the motion with the case. We deny the motion.

It is of no significance on what particular day defendants' motion for summary judgment was before the motion judge. It is significant that the motion for summary judgment filed by defendants was pending when the cause was dismissed for want of prosecution by a pretrial judge of the same court.

American Uniform Rental Co., 73 Ill App2d 49, 218 NE2d 499. The question, therefore, is whether these well-pleaded facts were sufficient to justify vacatur of the dismissal. Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 236 NE2d 719. The petition was the filing of a new suit; and it was necessary, as in any civil case, for petitioner to allege a cause of action. The burden was on petitioner to show by adequate allegations that she was entitled to the relief requested. Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409.

Defendants contend that plaintiff did not allege facts which entitled her to vacation of the dismissal. However, there are three factual allegations in plaintiff's petition which, in our judgment, dispose of this contention: (1) on March 31, 1965, counsel agreed that the cause be placed on the trial call to await disposition of defendants' summary judgment motion; (2) plaintiff's counsel went to the clerk of the pretrial judge and requested the cause be returned to the trial calendar; and (3) the clerk did not send notice of the dismissal for want of prosecution. We observe that defendants by their motion not only admitted the truth of these allegations, but when counsel for plaintiff, in court and in the presence of defendants' counsel stated these facts, there was no denial. Defendants have never contradicted these allegations, either by oral assertion of their counsel, by affidavit, counteraffidavit, or answer.

Section 50.1 of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 50.1 provides that "[t]he failure of the clerk to give the notice does not impair the force, validity or effect of the order." This section has a purpose not expressed in its terms. It is that each party who has appeared, or his attorney of record, be notified that an order of dismissal or default has been entered against him. It is to alert a party so that he can act

within the time provided for by law and move to set aside a dismissal or default. Ill Rev Stats 1965, c 110, § 50(5). Its more obvious purpose is to alleviate the injustice which would result if a default or dismissal is entered without notice to a party who has appeared. Nagel v. Wagner, 46 Ill App2d 2, 196 NE2d 728. Fundamental fairness requires that notice of a default or a dismissal be given a party of record. Washington Mfg. Co. v. American Uniform Rental Co., supra. Reliance on statutory provisions is not culpability. Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE2d 201.

█ Defendants' contention that the trial court erred in overruling their motion to strike completely overlooks plaintiff's allegations that counsel agreed to have the case returned to the trial calendar and that neither party appear at the pretrial conference. The truth of these allegations is borne out by the fact that defendants' counsel never was in the pretrial court after March 31, 1965. An agreement between counsel for litigants is a very important fact. The thrust of plaintiff's allegations was that if this agreement was known by the pretrial judge, he would not have ordered the dismissal for want of prosecution. This is the classical ground for grant of a section 72 petition.

Recently, in Smith v. Pappas, 112 Ill App2d 129, 251 NE2d 390, a section 72 petition was filed to vacate a dismissal for want of prosecution because plaintiff failed to answer defendants' interrogatories. The petition alleged that counsel agreed to answer each other's interrogatories and not appear at a scheduled hearing of defendant's motion to dismiss for failure to answer. The petition alleged that notwithstanding the agreement, counsel for defendant appeared and obtained an order of dismissal. The trial court granted the section 72 petition.

We affirmed. We said, "Here the fact asserted to exist which, if known to the court, would have prevented rendition of the judgment, was an alleged agreement between counsel that neither would appear at the hearing on defendant's motion to dismiss and that each would answer the other's interrogatories. Allegations of fact in support of that ultimate fact, as well as diligence and lack of negligence on the part of plaintiffs-appellants are contained in the petition." 112 Ill App2d 129, at 133, 251 NE2d 390.

We assume that when the pretrial judge overruled defendants' motion to strike and vacated the dismissal, he saw the incongruity of one judge dismissing for want of prosecution a case pending before another judge of the same court on the motion of the party resisting the vacature. Under these circumstances, denial of plaintiff's petition would have been an injustice. Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350. Judgment is affirmed.

Judgment affirmed.

STAMOS, P. J. and DRUCKER, J., concur.