JOEL F. WARD, JR., Plaintiff-Appellee, v. JACK M. ROSENFELD, Defendant-Appellant.

Fourth District   No. 4—90—0152

Opinion filed October 31, 1990.—Rehearing denied December 4, 1990.

Morris W. Ellis and Phyllis Ellis Rosenfeld, both of Ellis & Ellis, of Chicago, for appellant.

Terry S. Prillaman, Jr., of Prillaman, Prillaman & Savage, Ltd., of Urbana, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Jack M. Rosenfeld, appeals from the circuit court's denial of his motion to vacate a default judgment rendered against him and in favor of the plaintiff, Joel F. Ward. Defendant makes the following arguments: (1) the trial court erred by entering a default judgment in favor of the plaintiff in an amount greater than that specified in the *ad damnum* clause of his complaint; (2) the trial court erred by granting defendant's motion to vacate default judgment premised upon the condition that defendant pay $107 for plaintiff's attorney fees and court costs; and (3) the reinstatement of the default judgment on January 4, 1990, against defendant, who had filed his motion to vacate the default judgment as a poor person, was unreasonable.

We disagree and affirm.

## I. FACTS

Plaintiff and defendant entered into a lease agreement on August 24, 1988, for an apartment in Champaign, Illinois. Rent was fixed at $159 per month, plus $10 per month for various utilities. The lease was to expire on August 14, 1989.

On August 4, 1989, plaintiff filed a complaint requesting the following relief:

> "$199.55 for past due rent, late charges, and utility bills, for any and all rent, late charges, due subsequent to August 14, 1989, for any and all additional utility bills, for any and all damages and expenses to the premises, as yet unknown, for reasonable attorney's fees, costs, and expenses, and for such other and further relief as this court deems just and appropriate."

A summons was issued on the same day. Because of an inability to serve defendant, an alias summons was issued on September 15, 1989, and served on October 5, 1989.

The defendant failed to appear in court on October 23, 1989, as directed by the summons. On that date, plaintiff filed an affidavit specifying that the amount owed to plaintiff was $469.56 plus costs. Plaintiff reserved his claim to attorney fees and withdrew his claim

for possession. (Defendant had apparently already abandoned the premises.) At plaintiff's request, the court entered a default judgment against defendant for $469.56 plus costs.

A citation to discover assets was filed by plaintiff and served on defendant on October 27, 1989. On that same day, defendant filed a *pro se* application to sue or defend as a poor person so that he could file a *pro se* motion to set aside the default judgment. His application was allowed, and he filed that motion.

On November 13, 1989, defendant's motion to vacate the default judgment was granted, conditioned upon defendant's paying plaintiff's counsel $107 for attorney fees and court costs on or before December 29, 1989. The case was then allotted for docket call on January 4, 1990. The $107 was never paid.

On January 4, 1990, defendant (through counsel) filed a second motion to vacate the default judgment. The court denied this motion, vacated its conditional order of November 13, 1989, granting defendant's motion to vacate the default judgment, and reinstated the October 23, 1989, default judgment for $469.56 plus costs. On January 29, 1990, the trial court heard defendant's motion to reconsider its previous orders denying defendant's requests to vacate the default judgment. That motion was also denied.

## II. The Amount Of The Default Judgment

■■ Defendant's first argument is that the trial court erred in entering the original default judgment for $469.56 because it exceeds the *ad damnum* clause of plaintiff's complaint. We reject this claim because defendant had adequate notice of the extent of plaintiff's claims and the judgment entered was reasonable in light of the relief requested in plaintiff's complaint.

Section 2—1301(d) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(d)) states that "[j]udgment by default may be entered for want of an appearance, or for failure to plead, but the court may in either case, require proof of the allegations of the pleadings upon which relief is sought." Plaintiff's complaint explicitly sought relief not only for rent due, but also for incidental expenses and fees associated with this action. While this amount had not been specifically determined as of the date plaintiff filed his complaint, the affidavit he filed on October 23, 1989, in support of the damages he claimed, fulfilled section 2—1301(d)'s requirement for proof (if the court so orders) of the allegations in the pleadings. The trial court appropriately received this affidavit as proof of the relief sought by plaintiff; however, we note that the af-

fidavit did not itemize the costs that made up the $469.56 total. The better practice for the trial courts would be to require such affidavits to be more precise, specifying the particular grounds in support of each claim which, when added together, total the sum claimed.

Defendant claims that he was not afforded proper notice of the amounts claimed against him and relies on Supreme Court Rule 105(a) (107 Ill. 2d R. 105(a)) and section 2–604 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2–604). In *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230, the Illinois Supreme Court rejected a similar argument, finding a request for damages "in excess of $15,000" for personal injuries to be clear notice that more than $15,000 was being sought. (*Kaput*, 124 Ill. 2d at 382, 530 N.E.2d at 235-36.) The plaintiff was eventually awarded nearly $30,000 in damages, a result the court determined to be fair "in view of the nature of the action pleaded, the notice in the complaint that damages in excess of $15,000 were being sought, and the size of the final award." *Kaput*, 124 Ill. 2d at 382, 530 N.E.2d at 235-36.

A similar result was reached in *Joseph A. Thorsen Co. v. Evans* (1980), 82 Ill. App. 3d 1119, 1124, 403 N.E.2d 666, 670, where that court rejected the defaulted defendant's argument that he did not have adequate notice of the extent of damages that might be imposed. The court concluded that the damages ultimately awarded were "fully within the prayer of plaintiffs' complaint." *Thorsen*, 82 Ill. App. 3d at 1125, 403 N.E.2d at 670.

In the present case, the court's default judgment in the amount of $469.56 was not unreasonable in view of defendant's notice from the pleadings that the amount sought by the plaintiff would be in excess of $199.55 once the additional costs and fees were determined. On these facts, we find *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 378 N.E.2d 1130 (reversing a $246,524 judgment based on $50,000 *ad damnum*), cited by defendant in support of his position, to be inapposite.

### III. DENIAL OF MOTION TO VACATE REINSTATED DEFAULT JUDGMENT

■ Defendant next argues that the trial court erred in denying his motion to vacate the default judgment which the court reinstated after defendant failed to comply with the November 13, 1989, order conditionally vacating the original default judgment. The law is settled that a trial court may condition its vacating of a default judgment upon the payment of attorney fees and costs. (See *Town & Country Bank v. E. & D. Bancshares, Inc.* (1988), 172 Ill.

App. 3d 1066, 527 N.E.2d 637; *Bachewicz v. American National Bank & Trust Co.* (1985), 135 Ill. App. 3d 294, 42 N.E.2d 95.) This action is authorized by section 2—1301(e) of the Code:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment *upon any terms and conditions that shall be reasonable.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e).

■ We reject defendant's argument that the trial court's conditions for vacating the default order were not reasonable. Defendant, a college student, was given approximately seven weeks to pay $107 (a total of $15.29 per week) for plaintiff's attorney fees and costs that resulted from defendant's failure to appear in court as summoned. This order is clearly reasonable on its face, and if defendant was unable to comply despite his best efforts, he could have asked for additional time or other relief before the seven-week period expired.

A trial court's primary concern when deciding whether to set aside a default judgment should be to do substantial justice between the parties. (*Havana National Bank v. Satorius-Curry, Inc.* (1988), 167 Ill. App. 3d 562, 564, 521 N.E.2d 645, 646-47.) An appellate court will reverse only if the trial court has clearly abused its discretion. (*Havana,* 167 Ill. App. 3d at 564, 521 N.E.2d at 647.) We quote with approval the trial court's remarks explaining to defense counsel the court's denial of defendant's January 4, 1990, motion to vacate the default judgment:

> "Section 2[—]1301 allows the vacation of default judgment [on such ground] as the Court believes is equitable. My belief in being equitable is that people show up in court when they are suppose [*sic*] to. And if they don't, I will put people back in the position that everyone was in to begin with. *** Under equity, I believe that everyone should be put back in the position that they were if they had appeared in court, which is why your client [the defendant] was given from November 13th through December 29th, or approximately six weeks to pay for the fees and the costs that were incurred by the plaintiff for his diligence—for defendant's lack of diligence in being in court. He didn't do that. Not only didn't he do that, but during that period of time, you didn't file any motion [requesting additional time or other relief]."

Because we find the November 13, 1989, conditional vacatur a rea-

sonable exercise of the trial court's discretion under section 2—1301(e), we find no error with the court's reinstatement of the default judgment on January 4, 1990, and the court's subsequent denial of defendant's other motion to set aside default judgment.

## IV. REINSTATEMENT OF DEFAULT JUDGMENT AGAINST A "POOR PERSON"

Finally, defendant argues that the trial court abused its discretion in not vacating the default judgment against him after he had been given permission to file his motion to vacate default judgment as a "poor person." Section 5—105 of the Code provides procedures for a "poor person *** [to] have all the necessary processes, appearances and proceedings, as in other civil cases, without fees or charges." Ill. Rev. Stat. 1989, ch. 110, par. 5—105.

■■ We reject defendant's contention that his filing as a poor person has any relevance when the court decides whether, and on what conditions, to vacate a default judgment entered against a "poor person." The *limited* relief granted defendant under section 5—105 did not insulate him from the court's imposing reasonable monetary conditions on its order vacating a default judgment any more than that section would render defendant immune from having a judgment for money damages entered against him after trial. The trial court addressed this issue as follows:

> "A motion wasn't placed on file until January 4th when the matter was set for docket call if it had been paid. So we have a motion filed over 30 days after the order was entered, and not even within the time for the payment, asking to undue [sic] what was done. *** Your client wasn't here when he was suppose [sic] to. He was given time to reimburse them. Yes, he filed [a] poor person affidavit. He was given six weeks. Did not come in and request further time. Did not state that he needed a little bit more time than that. He was given time. *** I haven't seen anything where in equity I should say that we set aside a default judgment that was entered and have Mr. Prillaman's client [the plaintiff] pay for your lack of diligence, which is what we would be doing if we said, no attorney's fees or costs that were incurred by your client for his not appearing in court."

We agree with the trial court's assessment, especially in circumstances like these. In a case such as this, involving a few hundred dollars, attorney fees can easily exceed the underlying claim if multiple appearances in court are required. Trial courts should be sensi-

tive to these concerns and should not hesitate to assess attorney fees and costs in such cases, even when "poor persons" are involved. To hold otherwise risks making a mockery of the civil justice system when the controversy concerns only minor amounts. Plaintiffs would effectively be discouraged from bringing suit because they would be penalized whenever a defendant simply chose not to show up.

Accordingly, we affirm the trial court's denial of defendant's motion to vacate the default judgment.

Affirmed.

KNECHT, P.J., and GREEN, J., concur.