NANCY J. JOHNSON, Plaintiff-Appellee, v. WAL-MART STORES, INC., Defendant-Appellant.

Fifth District    No. 5—00—0302

———

Opinion filed August 28, 2001.

John E. Bradley and Bruce W. Mitchell, both of Mitchell, Mitchell & Bradley, of Marion, for appellant.

Alan C. Downen, of McLeansboro, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

This is an appeal from an order granting a default judgment and awarding $204,497.23 in damages. The issues for review are whether the trial court erred in failing to vacate the default judgment because the plaintiff did not provide the defendant with immediate notice pursuant to section 2—1302(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2—1302(a) (West 2000)), whether the trial court erred in failing to vacate the default judgment pursuant to section 2—1401 of the Code (735 ILCS 5/2—1401 (West 2000)), whether the trial court's award of damages was against the manifest weight of the evidence, whether the trial court erred in failing to vacate the assessment of damages because the defendant was not given notice of the hearing on damages, and whether the court erred in assessing damages because the defendant was not provided notice of the plaintiff's waiver of a jury. We affirm.

## I. FACTS

On February 4, 1999, Nancy J. Johnson (plaintiff) filed a complaint against Wal-Mart Stores, Inc. (defendant), seeking damages against defendant for personal injuries she incurred on defendant's premises in Carmi, Illinois. Plaintiff demanded a jury trial. On February 18, 1999, the sheriff of Sangamon County, Illinois, served the summons and a copy of the complaint on defendant's registered agent.

Over six months later, on October 12, 1999, plaintiff sought a default judgment against defendant because defendant had neither filed an answer nor entered an appearance in the case. In her motion for default judgment, plaintiff provided an itemization of her expenses, court costs, and the amount sought for pain and suffering. A letter from plaintiff's orthopedic surgeon, Dr. Robert Meyers, was attached to the motion for default judgment and described plaintiff's injury, past treatment, and prognosis for the future. An itemization of plaintiff's out-of-pocket expenses was also attached to the motion. At the time of the hearing, defendant had not entered its appearance or otherwise filed a responsive pleading to plaintiff's complaint. No notice was sent to defendant prior to the date or time for the hearing.

After testimony at the hearing on the motion, the court entered a default judgment in favor of plaintiff on October 12, 1999. The court awarded plaintiff out-of-pocket expenses of $44,351.43, future expen-

ses of $10,000, pain and suffering calculated at $150,000, and costs of $145.80. On November 23, 1999, plaintiff wrote defendant's legal department to inquire about the payment of the judgment.

On December 27, 1999, defendant filed a motion to vacate and set aside default judgment pursuant to section 2—1305 of the Code (735 ILCS 5/2—1305 (West 1998)), which was denied on April 10, 2000. Defendant filed a timely appeal.

## II. ANALYSIS

Defendant argues that the trial court erred in failing to vacate the default judgment because plaintiff disregarded the requirement of providing immediate notice pursuant to section 2—1302(a) and defendant was thus deprived of the opportunity to move to vacate the judgment under section 2—1301 (735 ILCS 5/2—1301 (West 2000)). Defendant alleges that plaintiff secured the judgment with unclean hands and that fundamental fairness requires that the default judgment be vacated. Plaintiff argues that because defendant had not entered an appearance by the time of the entry of the default, no notice was required.

•1 Section 2—1302(a) provides: "Upon the entry of an order of default, the attorney for the moving party shall immediately give notice thereof to each party *who has appeared*, against whom the order was entered, or such party's attorney of record. However, the failure of the attorney to give the notice does not impair the force, validity[,] or effect of the order." (Emphasis added.) 735 ILCS 5/2—1302(a) (West 2000). A lack of notice alone does not invalidate a default. The Illinois Supreme Court has held that the failure to provide a defendant with notice of the entry of a default order does not by itself invalidate the default. *Kaput v. Hoey*, 124 Ill. 2d 370, 379, 530 N.E.2d 230, 234 (1988). An alleged failure to notify a defendant of the entry of a default judgment will not render such a judgment void. *La Rabida Children's Hospital & Research Center v. Harrison*, 263 Ill. App. 3d 790, 635 N.E.2d 575 (1994). The purpose of the statute is to alleviate the injustice that would result if a default is entered without notice to a party who has appeared. *Carlstedt v. Kaufmann*, 119 Ill. App. 2d 322, 327, 256 N.E.2d 146, 148 (1970). It is to alert a party so that he can act within the time provided for by law and move to set aside a default. *Carlstedt*, 119 Ill. App. 2d at 326-27, 256 N.E.2d at 148.

•2 In the instant case defendant had not filed a responsive pleading even though over six months had elapsed since an answer from defendant was due. Defendant did not enter an appearance, nor was there an attorney of record for defendant at the time the default judgment was entered. Under these facts we cannot, and do not, find that

the trial court either erred or abused its discretion in failing to vacate the default judgment against defendant for the lack of notice provided to defendant by plaintiff.

●3 Defendant also argues that the trial court abused its discretion in denying its motion to vacate the default judgment pursuant to section 2—1401. Section 2—1401 provides a statutory procedure for vacating a final judgment after 30 days from its entry. To be entitled to relief under section 2—1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the circuit court in the original action, and (3) due diligence in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386 (1986). The quantum of proof necessary to sustain a section 2—1401 petition is a preponderance of the evidence. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386. A section 2—1401(a) petition must be supported by affidavit or other showing of matters not contained in the record. 735 ILCS 5/2—1401(b) (West 2000); *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 639, 636 N.E.2d 908, 911 (1994). The question of whether a section 2—1401 petition should be granted lies within the sound discretion of the circuit court, depending upon the facts and equities presented. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386. A court of review is justified in disturbing the judgment of the circuit court only if it finds that the court abused its discretion. *Smith*, 114 Ill. 2d at 221, 499 N.E.2d at 1386; *American Ambassador Casualty Co. v. Jackson*, 295 Ill. App. 3d 485, 492, 692 N.E.2d 717 (1998). The trial court cannot be said to have abused its discretion if reasonable persons could differ as to its decision. *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 930, 686 N.E.2d 1202 (1997).

●4 In the instant appeal, the circuit court denied defendant's motion to vacate the default judgment. The court found that defendant had neither suggested the existence of a meritorious defense nor shown due diligence in presenting a defense to the circuit court in the original action. The court recalled that defendant was served with the summons and a copy of the complaint and neither provided a response nor filed an answer for six months. The court found that there had been no showing or presentation of any indication why there was such a delay and no showing of why defendant did nothing with regard to the original action. Due diligence requires that the section 2—1401 petitioner have a reasonable excuse for failing to act within the appropriate time. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1386. Since section 2—1401 does not afford a litigant a remedy whereby he may

be relieved of the consequences of his own mistake or negligence, a party relying on section 2—1401 is not entitled to relief unless he shows that the error of fact or the existence of a valid defense was not made to appear to the trial court through no fault or negligence of his own. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1387. Specifically, a petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, in failing to initially resist the judgment. *Smith*, 114 Ill. 2d at 222, 499 N.E.2d at 1386.

•5 The court found that defendant's arguments of a meritorious defense were merely conclusions because they lacked specific allegations and that defendant did not provide supporting documents as required. A petition under section 2—1401 must be supported by affidavit or other showing of matters not contained in the record. 735 ILCS 5/2—1401(b) (West 2000); *Cruz*, 264 Ill. App. 3d at 639, 636 N.E.2d at 911. The record establishes that defendant did not demonstrate due diligence in that it never, at any time, offered a reason for its six-month delay in presenting its defenses to plaintiff's claims in the original action. Though it had ample opportunity to avoid the default judgment by filing its answer or appearance, defendant chose instead to ignore its available legal rights and obligations. Relief under section 2—1401 is available only to those who diligently pursue their legal defenses and remedies in court, not those who disregard these procedures on the gamble that better results may be obtained through other procedures or at a cheaper cost. *Abbell v. Munfield*, 76 Ill. App. 3d 384, 388, 395 N.E.2d 78 (1979). If defendant had kept abreast of the litigation, it would have known of the entry of the judgment. *Smith*, 114 Ill. 2d at 225, 499 N.E.2d at 1388. The circuit court was correct in concluding that defendant's petition was insufficient as it failed to demonstrate a meritorious defense or due diligence in defending against plaintiff's claims.

However, defendant also argues that the trial court erred in failing to use its equitable powers under section 2—1401 to grant it relief and that equitable consciousness requires us to set aside the default judgment and allow the matter to proceed on the merits. A petition under section 2—1401 does invoke the equitable powers of the circuit court to prevent the enforcement of a default judgment when it would be unfair, unjust, or unconscionable. *Smith*, 114 Ill. 2d at 225, 499 N.E.2d at 1388. Because a section 2—1401 petition is addressed to equitable powers, courts have not considered themselves strictly bound by precedent, and where justice and good conscience may require it, a default judgment may be vacated even though the requirement of due diligence has not been satisfied. *Smith*, 114 Ill. 2d at 225, 499 N.E.2d at

1388; *American Consulting Ass'n v. Spencer*, 100 Ill. App. 3d 917, 923, 427 N.E.2d 579, 584 (1981). We are convinced that this is not a case where the allegedly unfair, unjust, or unconscionable conduct of plaintiff's failure to provide defendant with notice of the default judgment within 30 days of its entry softens the rigorous application of the standards in section 2—1401 applied by the circuit court.

Defendant next argues that the trial court erred in awarding damages at the default hearing because the assessment of damages was against the manifest weight of the evidence. Defendant contends that the evidence offered by plaintiff to prove her damages was incompetent, inadmissible hearsay and failed to substantiate the award. Defendant contends that it is unfair to allow plaintiff to collect damages that defendant had no knowledge of. Plaintiff argues that her sworn testimony at the hearing and the submission of a letter from her orthopedic surgeon concerning damages, which was attached to her motion as an exhibit, provided a sufficient basis for the court to award the damages sought. Plaintiff argues that the prayer in her complaint for damages in excess of $15,000, coupled with the contemporaneous filing of an affidavit swearing that the damages sought exceeded $50,000, was sufficient to apprise defendant of the amount of damages sought.

●6 Section 2—1301(d) of the Code provides, "Judgment by default may be entered for want of an appearance, or for failure to plead, but the court may[,] in either case, require proof of the allegations of the pleadings upon which relief is sought." 735 ILCS 5/2—1301(d) (West 2000). Where the plaintiff's complaint explicitly seeks relief or expenses and fees associated with the action, an affidavit filed by the plaintiff in support of the damages claimed may satisfy section 2—1301(d)'s requirement for proof of the allegations in the pleadings. *Ward v. Rosenfeld*, 204 Ill. App. 3d 908, 910, 562 N.E.2d 674, 676 (1990). This may be a satisfactory proof even where the amounts claimed were not specifically determined at the time the plaintiff filed the complaint. *Ward*, 204 Ill. App. 3d at 910, 562 N.E.2d at 676.

●7 Defendant relies on *Stickler v. McCarthy*, 64 Ill. App. 2d 1, 212 N.E.2d 723 (1965), *aff'd as modified*, 37 Ill. 2d 48, 224 N.E.2d 827 (1967), for the general proposition that where an action is in tort or for an unliquidated claim or amount, a default does not admit the amount of damages to which the plaintiff is entitled. However, in *Stickler* the court addressed a situation where the trial court did not consider an affidavit or exhibits at a hearing for judgment on the pleadings, though the court's order said that it had considered such evidence. *Stickler*, 64 Ill. App. 2d at 21, 212 N.E.2d at 732. In *Stickler*, the court held that a judgment for unliquidated damages cannot be

entered without evidence establishing the fair amount of those damages and that a default for want of an answer does not admit the allegations of damages. The record here indicates that the trial court considered testimony presented by plaintiff. The instant case being a tort action, the court properly considered evidence of plaintiff's injuries, expenses, and costs for the amount of damages claimed. The court's judgment in the amount of $204,497.23 was not unreasonable in view of defendant's notice from the pleadings that the amount sought by plaintiff would be in excess of $15,000, indeed, in excess of $50,000 as indicated by plaintiff's affidavit. In addition, we note that plaintiff's treating orthopedic surgeon provided that plaintiff underwent an arthroscopy and received a total knee replacement as a result of her injuries. Plaintiff's surgeon further predicted that plaintiff may require further surgery as the life expectancy of her total knee replacement is only 10 to 15 years.

Finally, defendant argues that the court erred in failing to vacate the assessment of damages because, even though defaulted, it had a right to participate in the hearing on damages. Defendant argues that the award of damages to plaintiff was unfair as it was not afforded an opportunity to contradict the claims asserted or the ability to present evidence of its own in regard to damages. Defendant, relying on *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 190 N.E.2d 348 (1963), contends that where damages are unliquidated, the defaulting defendant must be given at least informal notice of the assessment proceedings. Further, defendant cites *Smith v. Dunaway*, 77 Ill. App. 2d 1, 221 N.E.2d 665 (1966), a case following *Elfman*, for the proposition that a defaulted party does not admit that the plaintiff is entitled to damages in the amount claimed.

The supreme court characterized the issue presented in *Elfman* as follows: "whether the amended petition [to vacate a default judgment] and its supporting exhibits and affidavits, not denied and therefore taken as true, adequately set forth sufficient facts to show that the trial court abused its discretion in denying the petition." *Elfman*, 27 Ill. 2d at 610, 190 N.E.2d at 349. We consider that case inapplicable because, in *Elfman*, the plaintiff had sought to gain an unconscionable advantage over the defendant by precipitately empaneling a jury before a visiting county judge, two months before the defendant believed that a pretrial conference on the matter was to be held, without notice to the defendant; by introducing evidence of damages unrelated to the accident with the defendant; and by deliberately delaying the execution of the judgment until the expiration of the 30-day period after the judgment. *Elfman*, 27 Ill. 2d at 612-13, 190 N.E.2d at 350. We are aware that basic fairness might require at least informal notice to a

defaulted defendant of the plaintiff's intention to prove-up damages. However, in this case defendant was served with plaintiff's complaint and summons on February 18, 1999, plaintiff waited over six months after defendant's responsive pleading was due before filing her motion for default judgment on October 12, 1999, and the motion included an itemization of her expenses, court costs, and the amount sought for pain and suffering, as well as a letter from her orthopedic surgeon describing her injury, past treatment, and prognosis for the future. The petition to vacate did not include supporting exhibits or affidavits. Here, there is no suggestion of fraud or unconscionable behavior on the part of the litigants or the court. In the absence of a showing of fraud, we are of the opinion that the trial court was correct in its assessment of damages. See *Esczuk v. Chicago Transit Authority*, 39 Ill. 2d 464, 469, 236 N.E.2d 719, 721 (1968).

In supplemental briefing requested by this court, defendant argues that the trial court erred in assessing unliquidated damages in tort against it because plaintiff initially made a jury demand and then waived her jury demand without advising defendant. Defendant argues that plaintiff's failure to provide notice of her waiver of a jury denied it the opportunity to request a trial by jury for the assessment of damages and that it had a right to notice of plaintiff's waiver.

Defendant relies on *Manaster v. Kioebge*, 257 Ill. 431, 100 N.E. 989 (1913), for the proposition that a defaulted defendant maintains the right to demand that the assessment of damages be made by a jury. The statute involved in *Manaster* was enacted in 1893, it consisted of one section, and that section was entitled, " 'An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment.' " *Manaster*, 257 Ill. at 434, 100 N.E. at 990; Ill. Rev. Stat. 1911, ch. 110, par. 128. The defendant in *Manaster* argued that section 59 of the Practice Act (Ill. Rev. Stat. 1911, ch. 110, par. 59), as it was then in effect, provided that it was lawful for the court to hear evidence and assess damages without a jury in cases where the defendant is defaulted. The supreme court held, however, that the 1893 statute, then section 128 of the Practice Act, prevented any person from being imprisoned for nonpayment of a judgment except upon conviction by a jury unless a jury trial was waived in writing. *Manaster* prohibits ordering a *capias ad satisfaciendum* and imprisonment for the nonpayment of a judgment in any case except upon the verdict of a jury. *Manaster*, 257 Ill. at 435, 100 N.E. at 990. The narrow facts and holding of the supreme court's decision in *Manaster* are not on point here.

Defendant also cites *Westmoreland v. West*, 19 Ill. App. 2d 161, 153 N.E.2d 275 (1958), as authority for its argument that it was entitled to be advised of plaintiff's waiver of a jury trial. However, the defendant

in *Westmoreland* filed an answer and an appearance; defendant in the instant case did not. *Acosta v. Burris*, 47 Ill. App. 2d 201, 197 N.E.2d 757 (1964). Several Illinois Appellate Court decisions have discussed and held that a plaintiff's waiver of a jury before a default, in the absence of the defendant's appearing or answering after service upon it, does not void the judgment and that there is no requirement that a defendant be explicitly advised of a plaintiff's waiver where no answer was filed and a default was entered against the defendant. *Washington v. Clayter*, 91 Ill. App. 3d 489, 497, 414 N.E.2d 1085, 1091 (1980); *Ingram v. MFA Insurance Co.*, 18 Ill. App. 3d 560, 567, 309 N.E.2d 690 (1974); *Acosta v. Burris*, 47 Ill. App. 2d 201, 205, 197 N.E.2d 757 (1964); *Lichter v. Scher*, 11 Ill. App. 2d 441, 447, 138 N.E.2d 66 (1956). We agree that in those situations where a defendant fails to file an answer in a matter in which the defendant has been properly served with the complaint and summons and then is later defaulted, it is proper for a court to hear the evidence and assess damages where the plaintiff waives a jury without providing notice to the defendant. Here, defendant did not file an answer or otherwise plead in the span of more than six months before the default was entered, though it was served with the complaint and summons. Plaintiff was entitled to waive her right to have a jury assess damages, and the trial court acted properly in assessing damages without notice to the defaulted defendant.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GOLDENHERSH and MAAG, JJ., concur.