**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190410-U

Order filed June 24, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| PAVEL DANU, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0410 |
| | ) | Circuit No. 16-L-464 |
| SE EXPRESS, INC., an Illinois corporation | ) | |
| and EIMANTAS SLIVSKIS, | ) | Honorable |
| | ) | John C. Anderson, |
| Defendants-Appellants. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The denial of defendants' motion for relief from a default judgment was reversed since the defendants showed due diligence and a meritorious defense by a preponderance of the evidence.

¶ 2     The defendants appealed the denial of their motion for relief from a default judgment entered in favor of the plaintiff in a breach of contract action.

¶ 3                                         FACTS

¶ 4    The plaintiff, Pavel Danu, brought suit against the defendants, SE Express, Inc. and Eimantas Slivskis, on June 21, 2016, alleging breach of contract and fraud in connection with the purchase of a 2016 Freightliner Cascadia truck tractor (the vehicle). The plaintiff alleged that he paid a down payment of $40,000, and made several monthly payments, toward the purchase of the vehicle, but the defendants failed to execute an assignment and warranty of title in the certificate of title for the vehicle. The defendants were served, and counsel for the defendants filed his appearance on September 22, 2016. Thereafter, the defendants filed a motion to dismiss, which was denied on January 19, 2017. The defendants filed their answer and affirmative defenses on February 16, 2017. The defendants denied that there was a purchase agreement between the parties, contending that the agreement was a lease agreement for the vehicle.

¶ 5    From April through October 2017, the parties proceeded with discovery. On October 5, 2017, attorneys for both parties entered an agreed order to continue the case for status on oral discovery on January 11, 2018. On October 23, 2017, counsel for the defendants filed a motion to withdraw, setting the motion for a hearing on November 9, 2017, and sending notice of the motion to the defendants via certified mail to the same address where they had been served with summons. The defendants' counsel sought to withdraw because the defendants were no longer paying attorney fees as they came due. Counsel's motion to withdraw was granted on November 9, 2017. The order stated that the defendants were to file a supplemental appearance with the court, stating an address for notice if it was different than the one on file, or retain an attorney who would file an appearance by November 30, 2017.

¶ 6    The defendants did not file an appearance or retain an attorney to file an appearance. At the status hearing on January 11, 2018, no one appeared on behalf of the defendants. The trial court entered an order directing the defendants to appear and stating that the defendants' failure to appear

2

would cause a default order to be entered on January 26, 2018. Plaintiff's counsel stated that he would send a copy of the order to the defendants, although there is no notice of mailing in the record. At the hearing on January 26, 2018, the defendants did not appear in person or by counsel. The trial court asked if the plaintiff was going to prove up the judgment, and the plaintiff's counsel advised that the complaint was verified and that he had an affidavit from the plaintiff. However, the affidavit had not been filed, so the trial court passed the case so that the affidavit could be filed and considered by the court. When the case was recalled, the plaintiff's attorney informed the court that he had difficulty filing the affidavit in the clerk's office, so he was going to forego the attorney fees and rely on the verified complaint. The plaintiff's counsel indicated that damages were $62,611.18, plus court costs of $536.58, and a default order was entered against both defendants, jointly and severally, in that total amount. The verified complaint, though, does not specify an amount and only seeks recovery in excess of $50,000.

¶ 7    A year later, on January 18, 2019, the plaintiff issued a third party citation to discover assets to the defendants' bank, JPMorgan Chase, NA. The certificate of mailing, dated January 28, 2019, indicated that the citation was mailed to the same address where the defendants received summons. On February 4, 2019, the trial court entered an order for JPMorgan to turn over the funds that it was holding on behalf of the defendants, in the amount of $1,004.01.

¶ 8    On February 22, 2019, new counsel for the defendants filed a substitute appearance and filed a petition for relief from judgment on April 9, 2019. Attached to the petition was the affidavit of Slivskis, wherein he admitted receiving notice of his prior counsel's withdrawal and the court's November 9, 2017, order, but denied receiving any further notices or copies of court orders until receiving the notice of the third-party citation in early February 2019. Attached to the plaintiff's response was the affidavit of the plaintiff dated January 22, 2018, which was never filed with the

3

court. The motion for relief from judgment was denied on the basis that the defendants did not exercise due diligence and did not show a meritorious defense. The trial court's recollection was that the prove up affidavit was presented per standard procedure. The order stated that if the defendants provided the court with a transcript suggesting otherwise, the court would reconsider its ruling. The defendants filed an appeal.

¶ 9                                           ANALYSIS

¶ 10        Initially, we note that the plaintiff has not filed an appellee's brief with this court. Generally, we will not search the record for the purpose of sustaining the trial court's judgment or serve as an advocate for the appellee. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, when a record is simple and the claimed error can easily be decided without the aid of an appellee's brief, we should decide the merits of an appeal. *Id.* Since that is the case here, we will address the merits.

¶ 11        The defendants filed a motion for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure. That section provides for relief from final judgments that are more than 30 days old. 735 ILCS 5/2-1401(a) (West 2018). To be entitled to relief under section 2-1401, the petitioner must prove the following elements by a preponderance of the evidence: "(1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). It is within the discretion of the trial court to determine whether a section 2-1401 petition should be granted. *McGinley Partners, LLC v. Royalty Properties, LLC*, 2018 IL App (1st) 172976, ¶ 27.

¶ 12        The defendants acknowledge that they received the withdrawal order, so they knew of the January 11 status date, but they did not appear or check the electronic record. However, while a

party has an obligation to follow the progress of his case, *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 105 (2006), a party is also entitled to notice of the default order. 735 ILCS 5/2-1302(a) (West 2018). Although lack of notice does not render the judgment invalid or void, it is a factor to consider since the purpose of notice of default is to "alleviate the injustice that would result if a default is entered without notice to a party who has appeared." *Johnson v. Wal-Mart Stores, Inc.*, 324 Ill. App. 3d 543, 546 (2001).

¶ 13    In this case, the defendants appeared and participated in defending the case for over a year, until their defense counsel withdrew from the case. This was not a case where the defendants had notice but never appeared or participated. See *Smith*, 114 Ill. 2d at 225 (enforcement of the default judgment was not unfair, unjust or unconscionable when the defendant had notice of the lawsuit but did not appear or plead). Within a month of receiving notice of the citation to discover assets, substitute counsel for the defendants entered an appearance, and the motion for relief from judgment was filed six weeks after that. Considering those circumstances and the equities of the case, we find that the trial court's conclusion that the defendants did not exercise due diligence in the original action and in filing the motion for relief from judgment was an abuse of discretion.

¶ 14    The third element that a petitioner must show by a preponderance of the evidence in order to prevail on a section 2-1401 motion for relief from judgment is a meritorious defense or claim. *Smith*, 114 Ill. 2d at 223. The defendants contend that the damages award was not supported by the evidence in the record since the damages affidavit was never filed with the court and the verified complaint did not delineate a specific amount of damages. Also, the defendants answered the verified complaint with a verified answer, asserting that the agreement was a lease agreement and that the defendants had not breached the agreement.

5

¶ 15    The verified complaint sought damages in excess of $50,000. There are some exhibits attached to the complaint, but the exhibits do not reference a specific amount of damages. The plaintiff's attorney indicated to the court that he had an affidavit signed by the plaintiff at the January 26 court date, but it was never filed with the court due to a difficulty with the electronic filing requirement in the clerk's office. A copy of the affidavit is attached to the plaintiff's response to the motion for relief from judgment.

¶ 16    In light of the defenses asserted by the defendants, and the lack of support in the record for the amount of the judgment, we find that it was an abuse of discretion to deny the defendants' motion for relief from judgment. We remand to allow the defendants an opportunity to have their day in court.

¶ 17                                    CONCLUSION

¶ 18    The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 19    Reversed and remanded.